Commonwealth, Appellant, *v.* Garman.

Argued April 13, 1949. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Randolph C. Ryder,* Deputy Attorney General, with him *H. A. Coryell* and *T. McKeen Chidsey,* Attorney General, for appellant.

*Miller Alanson Johnson,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, May 23, 1949:

The Secretary of Revenue suspended indefinitely the motor vehicle operator's license of B. S. Garman. Garman appealed to the Court of Common Pleas of Snyder County, which made an order sustaining the suspension "in so far as it prohibits B. S. Garman from operating a motor vehicle generally; however a restricted operator's license shall be issued to him to operate a motor vehicle in his business as a carpenter and planing mill operator." While it is the Commonwealth which now appeals from that order, apparently both sides agree that it cannot, in its present form, be supported. We are unanimously of that same opinion.

Garman is 72 years of age. He is said to have admitted that he does not have normal hearing. He·was involved in an accident in 1945; while making a turn into a private driveway he was struck by an oncoming car. In 1947 he ran into and killed a pedestrian who was crossing a highway in front of him. As a result of the latter accident he was subjected to a test by a member of the Pennsylvania State Police, who reported that he was "slow at reacting", that he ignored a stop sign, that he gave no hand signals at the intersections, and, in general, that "he should not be allowed to drive." On the other hand Garman produced evidence to the effect that he was not at fault in either of the two accidents and, in the death case, was exonerated of all blame by the coroner's inquest. He stated that it was essential for him to have a driver's license in connection with the operation of his business. Several witnesses—most of them persons who sold him merchandise—testified

that he was a careful and competent driver. In view of all this conflicting testimony the court made an order which was obviously intended to be in the nature of a "compromise",—that Garman be allowed to operate a motor vehicle in his business but not otherwise.

Section 615 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, provides that the Secretary of Revenue may suspend the operating privilege of any person whenever he finds upon sufficient evidence that such person is incompetent to operate a motor vehicle. Section 616, as amended, provides that any person whose operator's license has been suspended by the Secretary may petition for a hearing in the Court of Common Pleas of the county where he resides, and it shall then be the duty of such court to take testimony, examine into the facts of the case, and "determine whether the petitioner is subject to suspension of operator's license . . . under the provisions of this act." It has been established by repeated judicial decisions that the court must hear the case de novo;[1] that on appeal, it is the duty of the appellate court to examine the testimony to determine whether the findings of the court below are supported by competent evidence and to correct any conclusions of law erroneously made;[2] and that the action of the lower court will not be disturbed on appeal except for manifest abuse of discretion.[3]

---

[1] *Commonwealth v. Funk*, 323 Pa. 390, 399, 186 A. 65, 69; *Commonwealth v. Cronin*, 336 Pa. 469, 473, 9 A. 2d 408, 411; *Handwerk Automobile License Case*, 348 Pa. 263, 35 A. 2d 289; *Commonwealth v. Cole*, 350 Pa. 369, 371, 39 A. 2d 361, 362; *Bureau of Highway Safety v. Wright*, 355 Pa. 307, 309, 49 A. 2d 783, 784; *Moyer Automobile License Case*, 359 Pa. 536, 59 A. 2d 927; *Commonwealth v. Herzog*, 359 Pa. 641, 643, 60 A. 2d 37, 38.

[2] *Commonwealth v. Cronin*, 336 Pa. 469, 475, 9 A. 2d 408, 411; *Handwerk Automobile License Case*, 348 Pa. 263, 35 A. 2d 289; *Bureau of Highway Safety v. Wright*, 355 Pa. 307, 309, 49 A. 2d 783, 784; *Commonwealth v. Herzog*, 359 Pa. 641, 642, 60 A. 2d 37, 38.

[3] *Handwerk Automobile License Case*, 348 Pa. 263, 35 A. 2d 289; *Commonwealth v. Cole*, 350 Pa. 369, 372, 39 A. 2d 361, 362; *Bureau*

It should be immediately obvious that the order made by the learned court below is justified neither by logic nor by the authority vested in it by the statute. If Garman was competent to drive a motor vehicle he was entitled to retain his license; if, on the other hand, he was not competent he had no more right to drive a car on a business errand than on a pleasure trip. The illogicality of the court's order is strikingly shown by the fact that the Commonwealth, in *its* brief, asserts, with justice, that the finding by the court of *incompetency* is "implicit from his action sustaining the suspension order of the Secretary of Revenue in so far as it prohibited the licensee from operating a motor vehicle generally"; whereas counsel for Garman, in *his* brief, asserts, with equal justice, that "the finding of *competency* is implicit from his action granting the limited license". As far as The Vehicle Code is concerned, it provides, as already stated, that the court hearing the matter is to determine "whether the petitioner is subject to suspension of operator's license"; that question must be answered by the court either affirmatively, in which case it should sustain the suspension ordered by the Secretary, or negatively, in which case it should reverse the suspension and direct a reinstatement of the license. The order made by the court below failed to adopt either of these alternatives and was therefore beyond the limits of the discretion entrusted to it by the statute: see *Oesterling Appeal,* 347 Pa. 241, 243, 31 A. 2d 905, 906; *Bureau of Highway Safety v. Wright,* 355 Pa. 307, 311, 49 A. 2d 783, 785.

The order of the court below is reversed and the record remanded for appropriate findings of fact and conclusions of law and for the entry of an order, based thereon, which sustains or reverses the action of the Secretary of Revenue; costs to abide the final result.

*of Highway Safety v. Wright,* 355 Pa. 307, 309, 49 A. 2d 783, 784; *Moyer Automobile License Case,* 359 Pa. 536, 59 A. 2d 927.