## Fry License

*Rudolph M. Wertime,* for Commonwealth.

*George S. Black,* for appellant.

WINGERD, P. J., December 31, 1954.—

### Findings of Fact

1. At or about 11 a.m. on January 2, 1952, appellant, Leonard S. Fry, drove a 1952 Buick automobile in an easterly direction on Pennsylvania Highway Route 16, being a 22-foot two-lane smooth concrete highway in Zullinger, Washington Township, Franklin County, Pa., at a speed of about 45 miles per hour for approximately one-half mile.

2. Appellant was prosecuted for violation of section 1002(a) of The Vehicle Code (driving too fast for conditions) and was convicted by the Court of Quarter Sessions of Franklin County and paid the fine and costs imposed.

3. Appellant was almost 38 years of age at time of hearing and had been driving motor vehicles for nearly 22 years.

4. Appellant is engaged in the coal and stone business, operating stone quarries and stone washing plants, with places of business at Zullinger, one mile west of Waynesboro, Pa.; Williamson, about seven miles east of Mercersburg, Pa.; Cumberland, Md., and near Uniontown, Pa., in addition to a coal washing and screening plant at Langdon, about 40 miles west of Mercersburg, Pa.

5. Appellant drives a motor vehicle on an average of 52,000 miles per year.

6. Zullinger is a small village in Franklin County, Pa., bordering Pennsylvania Highway Route 16 for approximately one-half mile and consists of about 35 buildings. There is no continuing sidewalk through the village.

7. On January 2, 1952, at or about 11 a.m. the road was damp as there had been some snow or rain. There was very little of either vehicular or pedestrian traffic and the schools were either closed or in session.

8. Appellant was driving to his quarry which was at the opposite end of Zullinger from the point he entered and he turned off the highway into his quarry.

9. In April 1951 appellant's driving privileges were suspended for a period of 90 days based upon a conviction for speeding. No appeal from such suspension was taken.

10. On July 6, 1953, appellant received by registered mail from the Bureau of Highway Safety, Pennsylvania Department of Revenue, a notice that his motor vehicle operating privileges were suspended for a period of 90 days from July 2, 1953, the reason stated in the notice being "driving too fast for conditions" and it is from that suspension that the present appeal was taken.

We have set forth findings of fact in accordance with directions of the Supreme Court in Commonwealth v. Etzel, 370 Pa. 253, 258.

A review of the cases indicates clearly that this matter is before this court de novo and it is for this court to determine from the evidence produced before it whether appellant should be deprived of his license to drive an automobile for a period of time: Commonwealth v. Garman, 361 Pa. 643, 645, and cases there cited.

Although, technically, suspension is merely the deprivation of a privilege it is in all practical effects a definite penalty. The Vehicle Code gives to the Secretary of Revenue the power to suspend an operator's license when the operator has violated The Vehicle Code. There is no limitation placed upon the discretionary power of the Secretary of Revenue as to the length of time for which the suspension is to be effective. However, The Vehicle Code of May 1, 1929, P. L. 905, in section 616, which provides for an appeal to the court of common pleas, states that the court "is vested with jurisdiction . . . to determine whether the petitioner is subject to suspension of operator's license or learner's permit". This wording is peculiar in that it gives the court jurisdiction to determine whether the petitioner is subject to suspension and not as to whether there has been generally an abuse of discretion on the part of the Secretary of Revenue in the length of the suspension imposed.

In the instant case this court sitting as the court of quarter sessions found appellant guilty of driving too fast for conditions and imposed costs and fine upon appellant. This court remembers the case very clearly because although there was a technical violation of the law it was not by any means an aggravated case. The case now comes back to this court sitting as the court of common pleas to determine whether or not suspension of license is proper. The Secretary of Revenue suspended appellant's license for 90 days. As seen from the facts appellant was driving through a small village which consists of about 35 buildings, has no continu-

ing sidewalks and extends for approximately one-half mile along a concrete highway. There are speed limit signs of 35 miles per hour posted through the length of the village. Appellant was not prosecuted for violation of the speed limit but simply for driving through the village at a speed somewhere around 45 miles per hour. There is no evidence that traffic was other than light and there is no testimony that pedestrians were in evidence. Appellant had a quarry at one end of the village, entered the village at the opposite end and drove off the highway at the other end into the quarry, which necessarily caused him to decrease his speed prior to such turning off. He states he was going about 40 to 45 miles per hour and the State Police officer says 55. There was, to this court's mind, a breach of The Vehicle Code but there was nothing aggravating about it in any way and nothing showing that appellant was reckless or failed to operate his car properly, with the one exception of a little excessive speed. To take away a man's driving license for 90 days under such circumstances seems to this court to be entirely too severe. There was no evidence of any activity which caused appellant's speed to be dangerous. Appellant was entirely familiar with the village, having gone through it frequently to his place of business. It is very easy for a careful driver who was not exceeding the speed limit on the open road, for the police testified he had followed him for several miles, to fail to reduce his speed as much as some persons might consider safe in entering a small sparsely inhabited village.

We do not feel that the fact that defendant had his license suspended 90 days for speeding in April 1951 is such a circumstance as is controlling or sufficient to change the court's opinion as to the facts of the present case, especially as he took no appeal and accepted his suspension without protest.

Now, December 31, 1954, the order of the Secretary of Revenue is reversed and the suspension vacated at the cost of the Commonwealth.