## Katz Appeal

*A. J. Levy*, for appellant.

*B. I. Shovlin*, for Commonwealth.

OLIVER, P. J., December 23, 1955.—This case is before the court on petitioner's appeal from a suspension of his privilege to operate an official motor vehicle inspection station. The Secretary of Revenue acted pursuant to the provisions of The Vehicle Code, Act of May 1, 1929, P. L. 905, art. VIII, sec. 813, as amended, 75 PS §383(b) : "If the secretary finds that the provisions of this act are not being complied with, or that the business of an official inspection station in connection with the corrections, adjustments, repairs, or inspection of motor vehicles, trailers or semitrailers is being improperly conducted, he shall suspend the

certificate of appointment of any such station and require the immediate surrender and return of the certificate of appointment, together with all department forms. . . ."

After hearing testimony of witnesses for the Commonwealth, and of petitioner in his own behalf, we find that petitioner improperly inspected motor vehicles, and that the suspension of his license was necessary and proper.

We now have to consider petitioner's request that the court modify the suspension and set a limited period of time for its duration. This we refuse to do for the following reasons:

The Act of 1929, as amended, supra, provides, ". . . Any person whose certificate or appointment is suspended under the provisions of this subsection may, within thirty (30) days from the date thereof, appeal to the court of common pleas of the county wherein such official inspection station is located, and such court is hereby vested with jurisdiction, and it shall be its duty to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case and *to determine whether the petitioner is subject to suspension of his certificate of appointment under the provisions of this act.*" (Italics supplied.)

Although the cases indicate the court of common pleas has broad discretionary powers in matters of this kind (Handwerk Automobile License Case, 348 Pa. 263 (1944)), it is clear that the court's duty is to hear the case de novo and determine whether the suspension is justified by the facts. If the court decides the suspension is justified, however, it does not have the power to limit or extend the period of suspension.

As Mr. Justice Horace Stern stated in Commonwealth v. Garman, 361 Pa. 643, 646 (1949) : ". . . As far as the Vehicle Code is concerned, it provides, as

already stated, that the court hearing the matter is to determine 'whether the petitioner is subject to suspension of operator's license'; that question must be answered by the court either affirmatively, in which case it should sustain the suspension ordered by the secretary, or negatively, in which case it should reverse the suspension and direct a reinstatement of the license. . . ." It will be noted that the language of the act above construed is the same as that used therein with reference to suspension of certificates of appointment.

Further, it is significant that this is the third suspension imposed upon this petitioner. According to the regulations promulgated by the Secretary of Revenue, a third suspension is permanent. Petitioner contends that, if he is not permitted to maintain an inspection station, his garage and repair service will be seriously affected, forcing him out of business and placing an undue economic hardship upon him. But economic hardship alone is not sufficient to reverse a suspension (Commonwealth v. Emerick, 373 Pa. 388 (1953)), and the court should not modify the terms of the suspension therefor.

The testimony before the court showed that petitioner was guilty of gross negligence in the inspection of motor vehicles. The safety of the citizens of this Commonwealth depends upon the proper condition of the motor vehicles operated on the highways. We conclude that to modify the suspension would jeopardize the lives of our citizens, and would be a manifest abuse of jurisdiction and discretion by this court.

*Order*

And now, to wit, December 23, 1955, the appeal in this case is dismissed, and the order of the Secretary of Revenue suspending the privilege of operating an inspection station is affirmed. Costs to be paid by appellant.