## Cavanaugh License

*Daniel L. Quinlan, Jr.,* for Secretary of Revenue.
*Foulke, Knight & Porter,* for appellant.

FORREST, J., October 7, 1960.—The Secretary of Revenue has excepted to our order of March 22, 1960, which modified and reduced a motor vehicle operator's period of suspension of one year; as ordered by the Secretary, to a period of three months. There is no doubt that appellant was properly convicted and had his license suspended for racing in violation of The Vehicle Code. The sole question is whether this court has jurisdiction to modify the secretary's order of suspension.

In Commonwealth v. Garman, 361 Pa. 643, 646 (1949), quoted with approval in Commonwealth v. Moogerman, 385 Pa. 256, 258 (1956), the Supreme Court plainly stated:

"As far as [section 616 of] The Vehicle Code [of May 1, 1929, P. L. 905, as amended 75 PS §193] is concerned, it provides, as already stated, that the court hearing the matter is to determine *'whether the petitioner is subject to suspension of operator's license'*; that question must be answered by the court *either affirmatively,* in which case it should sustain the suspension ordered by the Secretary, or *negatively,* in which case it should reverse the suspension and direct a reinstatement of the license."

When a court fails "to adopt either of these alternatives . . . (it is) beyond the limits of the discretion entrusted to it by the statute": Commonwealth v. Garman, supra, p. 646.

The hearing judge in cases of "extenuating facts and circumstances . . . is required to . . . exercise his discretion whether or not a suspension should be decreed": Commonwealth v. Strobel, 378 Pa. 84, 85 (1954).

Once having decided that a suspension should be decreed, the court is without jurisdiction to substitute its judgment as to the disposition of the case for that of the secretary. ". . . the court which has heard the

evidence is without jurisdiction to amend the particular order of suspension, although it might consider the order unduly severe or harsh": Commonwealth v. Lebendig, 75 Montg. 49, 52 (1958). This is the opinion not only of this court, but of other common pleas courts in this State. See 4 P. L. E. pp. 108, 109, and cases cited therein.

In Commonwealth v. Moogerman 385 Pa. 256, 263 (1956), there is dictum that "a patently disproportionate period of suspension of operating privilege would not be allowed to stand on appeal." We regard the period of suspension in this instance as patently disproportionate to the offense of racing on the route 309 bypass which had only recently been constructed and which was blocked off and, therefore, absolutely free of traffic other than that of the racers at that time. Nevertheless, after reviewing the facts and examining the authorities cited above, we conclude that our modification of the secretary's order exceeded the authority which the legislature conferred upon us.

. And now, October 7, 1960, the exceptions of the Commonwealth, Department of Revenue, to the order of March 22, 1960, are sustained, and the suspension of operator's license for a period of one year, ordered by the Secretary of Revenue, is affirmed.