## Commonwealth v. Harnden

*William J. Madden, Jr.*, for appellant.

*John P. Harrington*, Deputy Attorney General, for Commonwealth.

SHELLEY, J., March 6, 1961.—This is an appeal by defendant, Charles E. Harnden, Jr., from an order of the Secretary of Revenue of the Commonwealth of Pennsylvania suspending his license to operate a motor vehicle for a period of two months. . . .

A review of the cases indicates clearly that this matter is before this court de novo, and it is for the court to determine from the evidence produced before us

whether appellant should be deprived of his license to drive an automobile for a period of time: Commonwealth v. Garman, 361 Pa. 643, 645 (1949), and the cases therein cited.

There is a conflict of testimony as to the speed at which defendant was driving at the time he was stopped by the State trooper. Defendant introduced mathematical calculations based on the trooper's testimony in relation to the distance and speed the trooper was required to travel in order to determine the speed at which defendant's automobile was traveling at the time. These calculations indicate that the trooper would have been required to travel from 1.8 miles to 8.3 miles in order to overtake defendant. The uncontradicted testimony is that the distance from where defendant turned off Route 22 to the point where he was stopped by the police officer was 1.3 miles. This testimony leaves us in doubt as to the actual speed at which defendant was traveling at the time he was charged with the offense of speeding.

There is doubt in our mind that defendant violated The Vehicle Code of April 29, 1959, P. L. 58, and, if he did, there was nothing aggravated about it in any way and nothing showing that appellant was reckless or failed to operate his car properly with the exception of the excessive speed. To take away his driver's license for a period of two months under such circumstances seems to us to be entirely too severe. There was no evidence of any activity which caused appellant's speed to be dangerous. See Fry License, 3 D. & C. 2d 325 (1954).

The Vehicle Code of April 29, 1959, supra, provides that the court shall hear the matter and determine whether petitioner is subject to suspension of his operator's license. The question must be answered by the court, either affirmatively, in which case it should sustain the suspension order by the secretary, or nega-

tively, in which event it would reverse the suspension and direct a reinstatement of the license. The court is bound to adopt either one of these alternatives. We cannot modify or amend the order: Commonwealth v. Garman, supra.

Under the circumstances, as outlined above, we feel defendant's appeal must be sustained.

### Order

And now, March 6, 1961, defendant's appeal is sustained, and the order of the Secretary of Revenue suspending appellant's license for a period of two months is reversed and the secretary is directed to restore to the applicant his operator's license. Costs to be paid by the Commonwealth.