## Lilly License

*Donald R. McKay*, for appellant.
*Michael Halliday*, for Commonwealth.

RODGERS, P. J., September 17, 1962.—On September 15, 1961, defendant was arrested for speeding on the Sharon-Mercer Road in the vicinity of Sharon Auto Wreckers by Pennsylvania State Police using radar. Defendant did not contest the arrest, paid a fine, and when he was subsequently notified that his driver's license had been suspended for a two month period he filed this appeal.

At a hearing held before this court on April 16, 1962, testimony was taken of two of the State policemen involved in the arrest and of defendant himself.

Trooper Miller testified that on the day of the arrest he was part of the radar team and was in the first car situate to the west of the Sharon Auto Wreckers and had his radar equipment beamed to the west toward Sharon, that it registered a speed of 62 miles per hour on defendant's vehicle and that he radioed to another State police car approximately 1,500 feet to the east which then stopped defendant and made the arrest. On cross-examination, Trooper Miller explained that the radar would clock the extreme rate of speed of the oncoming vehicle and that if the vehicle in question were faced with a sudden emergency or were making a lawful pass at an increased rate of speed that the radar would clock it at the extreme rate. He further stated that he relied entirely upon his equipment and made no visual observation to judge the rate of speed of the oncoming car.

Trooper Danatsko testified that he was in the second car 1,500 feet to the east, and upon receiving the radio report stopped defendant and made the arrest. This was the entire case for the Commonwealth.

Defendant then testified that he is a plumbing foreman for Ivor J. Lee, Inc., of Sharon, and has been for about 26 years, and during that time has had no arrests for traffic violations of any type, although he drives approximately 36,000 miles a year just in connection with his work.

Defendant testified that he had followed a station wagon from Ohio to the scene of the arrest approximately six or seven miles, and that vehicle was traveling at a low rate of speed, and each time defendant would attempt to pass him the vehicle would speed up. When he was about one mile west of the radar cars, he again had a chance to pass the car when it pulled

behind another car. He then proceeded to make a pass of both vehicles and had just completed this pass when he approached the first radar car.

The evidence is uncontradicted that the only speed that was above the legal limit was incident to the pass, that the highway was clear, that there was no oncoming traffic, that the pass was lawful in all respects, and that there were no elements of negligence or recklessness present.

This case points up one of the defects in the radar system. That is the mechanical clocking of an excessive speed does not per se mean that there was a violation of The Vehicle Code of April 29, 1959, P. L. 58, if, as present in this case, there were extenuating circumstances, such as the lawful passing of another motor vehicle.

### Findings of Fact

1. Defendant, Melvin Lilly, resides at R. D. 2, West Middlesex, Pennsylvania, is a plumbing foreman for Ivor J. Lee, Inc., of Sharon, for whom he has worked for approximately 26 years, and in connection with his work he drives approximately 36,000 miles a year. This is his first arrest for *any* traffic violation of any type within the past 25 years.

2. On or about September 15, 1961, at about 2:00 in the afternoon, defendant was driving his employer's 1960 red Dodge pickup truck in an eastwardly direction on the Sharon-Mercer Road in fair and clear weather with a dry pavement, with no oncoming traffic and with no intersections or intervening highways.

3. Defendant had been following another vehicle for some distance, which had been proceeding at an unusually slow rate of speed and which had resisted defendant's attempt to pass on several occasions, and finally, when in the vicinity of the Sharon Auto Wrecking, on said highway, defendant had an opportunity to make a lawful pass of said preceding vehicle when

it came behind another vehicle, and in passing said two vehicles exceeded the lawful speed limit and, just as defendant completed said pass, his speed was registered on State Police radar equipment at 62 miles per hour.

4. There is no evidence of any recklessness or negligence on defendant's part, and defendant's testimony explaining the reason for the excessive speed stands uncontradicted.

### Conclusions of Law

1. This matter is before this court de novo, and it is for the court to determine from the evidence produced whether appellant should be deprived of his license to operate a motor vehicle: Commonwealth v. Garman, 361 Pa. 643, 645 (1949).

2. This court rules that the suspension in this case is unwarranted, the same is reversed, and appellant's license is herewith reinstated.

### Order

And now, September 17, 1962, the appeal is sustained, the suspension is reversed, and it is ordered that appellant's license be herewith reinstated.