## Colon License

*Thomas W. Durnin,* for appellant.

*Murray Mackson,* for Commonwealth.

HEIMBACH, P. J., February 5, 1969.—Defendant's motor vehicle operator's license was suspended for two months, effective December 9, 1968, for permitting her 13 year old son, who was not the owner of an operator's license, to operate her motor vehicle. Vehicle Code of April 29, 1959, P. L. 58, sec. 626, 75 PS §626, provides:

"No person shall authorize or permit a motor vehicle . . . owned by him or under his control to be operated by any person who has no legal right to do so, . . ."

We allowed defendant's appeal to act as a supersedeas, and the matter came before us for hearing.

Defendant did not deny that her son operated a motor vehicle owned by her, to wit, a Honda motor-

cycle, on a public road. She likewise admitted having entered a plea of guilty to such charge and paid a fine. She now states, and we find her testimony credible, that she only pleaded guilty and paid a fine because she thought it the most expedient course to follow.

"Evidence admitting guilt and paying a fine is admissible, but not controlling:" Commonwealth v. Munch, 49 Del. Co. 374.

From the testimony adduced we find the following facts:

(1) Defendant is a widow, who supports and lives with her two children in a district known as Lake Hauto.

(2) She purchased a Honda Motorcycle for her son's use and permission was given to use the same, but restricted to the private roads in such area.

(3) At no time did she ever impliedly or expressly permit or authorize her son to operate the motorcycle or any other vehicle on any public road or anywhere where an operator's license was required.

(4) She admitted that she had learned on several prior occasions that her son had operated the motorcycle and her automobile on a public highway, and she reprimanded him for so doing.

(5) She hid the keys to her car, but learned her son had duplicate keys hidden in the woods.

(6) She disposed of the motorcycle after the charges giving rise to this suspension were brought.

(7) She needs her automobile to go back and forth to the Hazleton State Hospital, where she is employed.

Unquestionably defendant has been a too indulgent mother and obviously is unable to cope with her son's urge to operate a motor vehicle. At our suggestion she is having the ignition lock changed on her automobile to make useless the car keys presently in his possession. This inability to control her son, unfortunate and dangerous as it is, may not be construed to

mean that she has either authorized or permitted her unlicensed son to operate any vehicle under her control.

We therefore find that she neither authorized nor permitted her son, an unlicensed person, to operate the Honda motorcycle at the time giving rise to this suspension. Having so found, the secretary's order of suspension must be set aside: Commonwealth v. Emerick, 373 Pa. 388; Commonwealth v. Garman, 361 Pa. 643, 645.

We enter the following:

### ORDER

Now, to wit, February 5, 1969, the appeal of Mary A. Colon is sustained and the secretary's order suspending her license for two months, effective December 9, 1968, is set aside.

Costs on appellant.