## Commonwealth of Pennsylvania *v.* Charles W. Vekovius.

Argued April 20, 1971, before Judges WILKINSON, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Albert Z. Bogert,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, June 3, 1971:

This appeal is brought before the Court by the Bureau of Traffic Safety on behalf of the Secretary of Transportation. It involves suspension of the appellee's motor vehicle operator's license. The lower court ordered that the suspension should be revoked. We reverse and uphold the suspension.

Charles W. Vekovius was apprehended by a Pennsylvania state trooper on November 5, 1969, for speeding at the rate of 78 miles per hour in a 65 mile per hour zone, in violation of Section 1002(b)(8) of the Vehicle Code. Act of April 29, 1959, P. L. 58, §1002, as amended, 75 P.S. 1002(b)(8). Information was filed and Vekovius, herein the appellee, without a hearing before the magistrate, paid fine and costs on December 10, 1969. A departmental hearing was conducted at which appellee appeared and testified. Upon the basis of the information in the file and that gathered at the hearing, a suspension of 15 days was imposed, under Section 618(b)(2) of the Vehicle Code, effective July 6, 1970. An appeal was filed with the Court of Common Pleas of Allegheny County, which sustained the appeal. The Commonwealth then filed this appeal.

The lower court pointed out in its opinion that if appellee's violation had come under Section 619.1 of the Vehicle Code, six points would have been charged against him, and there would have been no suspension. The judge determined that the Secretary of Transportation had abused his discretion by categorizing the violation under Section 618(b)(2) rather than under Section 619.1.

Appellee, however, was arrested for violating Section 1002(b)(8), a section of the Code which is not included in Section 619.1. Section 1002(b)(8) reads:

"Section 1002. Restrictions as to Speed.—

. . .

(b) Subject to the provisions of subsection (a) of this section, speeds in excess of the maximum limits hereinafter provided shall be unlawful:

. . .

(8) The Secretary of Highways [now Transportation] may, after due investigation, establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by this act.

Any such established speed limit shall be indicated by the erection of official signs. . . ."

Section 619.1 specifically excludes Section 1002(b)(8) in its enumeration of point system violations. An arrest under Section 1002(b)(8), then should result in a license suspension under Section 618(b)(2) which provides for suspension for violation of "laws of the Commonwealth relating to vehicles or tractors," including violation of Section 1002(b)(8).

The Pennsylvania Superior Court has held that a violation of Section 1022(b)(8) is not a violation to which the point system applies, and that suspension by the Secretary of Highways (now Transportation) under Section 618(b)(2) is proper and not an abuse of discretion. *See e.g., Moffa Motor Vehicle Operator License Code,* 214 Pa. Super. 278, 257 A. 2d 615 (1969).

The lower court, in recognizing the conflict between Section 618(b)(2) and Section 619.1, requested the Commonwealth's attorney to explain the policy which regulates the application of either of these sections to a vehicle code violation. The attorney was unable to explain the policy or to give any reasons for a distinction. Therefore, we are unable to agree with the statement made in the Commonwealth's brief that the lower court committed an abuse of discretion. Instead, we believe the court made an error of law, albeit a rather technical one.

In its opinion, the lower court also discussed extenuating circumstances presented by economic hardship which would result from a suspension. That this is no grounds for reversal of a suspension has recently been reaffirmed in the *Moffa* case, *supra*.

For these reasons, the order of the court below is reversed, and the order of suspension imposed by the Secretary of Highways (now Transportation) is reinstated. A reinstated suspension will be issued within 30 days.