## Treadwell *v.* Commonwealth.

Argued April 19, 1971, before Judges WILKINSON, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Lawrence E. Wood,* for appellant.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Ralph B. Pinsky,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MANDERINO, September 20, 1971:

The motor vehicle operating privileges of Thomas B. Treadwell (appellant) were suspended for four months by the Secretary of Highways (Secretary) following Treadwell's conviction for operating his automobile at the rate of ninety miles per hour in a fifty mile per hour speed zone. The allowable speed in this zone was a specially set reduced speed by the Secretary who, under statutory authority, lowered the allowable speed from fifty-five miles per hour. The higher speed was established by the Legislature for this type of zone throughout the Commonwealth. Treadwell's suspension

was affirmed by the Court of Common Pleas of Chester County from which order this appeal has been taken pursuant to Section 402(3) of the Appellate Court Jurisdiction Act of 1970. (Act No. 223 of July 31, 1970, P. L.    , 17 P.S. 211.101 et seq.).

Treadwell challenges the validity of the legislation under which the Secretary imposed the suspension contending that the statute is unconstitutionally vague and that it also denies Treadwell the equal protection of the laws.

The section of the law which Treadwell contends is unconstitutional because of vagueness is Section 1002 (b)(8) of The Vehicle Code. (Act of April 29, 1959, P. L. 58, as amended, 75 P.S. 1002(b)(8). That section provides:

"The Secretary of Highways* may, after due investigation, establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at speeds other than as provided by this act.

"Any such established speed limit shall be indicated by the erection of the official signs, spaced not less than one-eighth (1/8) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone. . . ."

Treadwell contends that the above provision is unconstitutional because it is vague in requiring that signs be posted not less than one-eighth (1/8) of a mile apart. This, he contends, affords the Secretary "untrammeled discretion" to post signs at any interval greater than one-eighth of a mile apart. Although the attack on the statute is described as one involving vagueness, we see nothing vague about the plain language of the section. The requirement that signs be

---

* Now, Secretary of Transportation.

posted "not less than one-eighth of a mile apart" is quite clear and plain in meaning. There is no vagueness which would affect the constitutionality.

Neither do we agree that the statute affords the Secretary "untrammelled discretion" to post signs at any interval greater than one-eighth of a mile. There is nothing in the statute which authorizes the Secretary to be unreasonable in the spacing of signs. It simply states that the signs shall not be less than one-eighth of a mile apart. We cannot read into the statute an unconstitutional authority which is not there.

It may be, as the appellant argues, that the Secretary must give reasonable notice of a reduced speed limit in order to warn the motoring public. A warning sign concerning a reduced speed limit ahead which is placed one foot or ten miles away from the speed zone may be unreasonable. We do not have any such situation before us. The record shows, and Treadwell does not dispute, that signs complying with the statute were placed on the road on which Treadwell was apprehended while speeding and there is no argument made that Treadwell was, in fact, not given a reasonable warning so far as distance is concerned. The opinion of Judge GAWTHROP in the lower court specifically found that reasonable signs were, in fact, in position warning Treadwell and that these signs complied with the statute.

Treadwell points out that another section of The Vehicle Code referring to the placing of speed limit signs in other types of zones requires that signs be spaced "not *more* than one-eighth of a mile apart," while Section 1002(b)(8) uses the language "not *less* than one-eighth of a mile apart." We agree there is a difference and we are not sure why this difference exists. It is not for this court, however, to ignore a legislative enactment if the enactment is plain in mean-

ing and does not violate any constitutional principles. Section 1002(b)(8) is plain in meaning and does not give the Secretary any "untrammelled discretion" to give unreasonable warnings by the unreasonable placing of signs.

Treadwell further argues that the imposition of a four-month suspension even under statutory authority, constitutes a denial of equal protection of the laws because the same violation under another section of the Code would have allowed only a maximum two-month suspension plus the imposition of certain "points" which the Secretary is permitted to impose.

We do not agree that the "exact" same violation could have resulted in a different penalty under another Section of the Code.

A review of the general scheme of The Vehicle Code will be helpful. Section 1002(b) has nine sections. In eight of those sections the Legislature has specifically set numerical speed limits which will be applicable on various kinds of streets, roads, highways and special zones throughout the Commonwealth. The speed limits in these sections are established by the Legislature. One of the nine sections, which is the eighth section (1002(b)(8)), allows the Secretary to *change* the established speed limits which will prevail throughout the Commonwealth, if, in the Secretary's judgment, a change is warranted because of "traffic conditions or other conditions of the highway". The Legislature, after establishing specific speed limits in Section 1002(b) which would prevail throughout the Commonwealth, obviously decided that in certain specific situations lower or higher speed limits would be safe. Therefore, it gave the Secretary the power to change the speed limit of a road or a zone which would then not be subject to the general numerical speed limits prevailing throughout the Commonwealth for that type of road or zone.

The Secretary did exactly that in the case before us. Route 202 in Concord Township, under the general provisions establishing speed limits, would have had a fifty-five (55) mile per hour speed limit. The Secretary changed the speed limit on this particular road to fifty (50) miles per hour. Treadwell's argument in effect states that had the road's speed limit remained at fifty-five (55), which is the normal speed limit for roads of this type prevailing *throughout the Commonwealth,* and had he been convicted of exceeding the speed limit by forty (40) miles per hour, he would have been subjected to only a two-month suspension.

It is true, as Treadwell argues, that the Legislature has mandated the specific penalty to be imposed if an individual is exceeding the speed limit which exists for a particular road or zone if it is the speed limit which prevails generally for that type of a road or zone throughout the Commonwealth. Treadwell, however, was not exceeding by forty (40) miles an hour, the general speed limit for this type of road which is established throughout the Commonwealth. He was exceeding, by forty (40) miles an hour, a special reduced speed limit established by the Secretary.

We do not see how there can be any denial of equal protection of the laws under the above circumstances. It is not possible for two individuals to receive different penalties for the *identical* violation. If a person exceeds a speed limit which is a speed limit for a particular road or zone that prevails throughout the Commonwealth, the penalty is governed by what is known as the "point system" rules. But if one is in violation of a special reduced speed limit which deviates from the regular limits that prevail throughout the Commonwealth the Secretary may determine the penalty. There is no denial of equal protection of the laws under such circumstances.

The order of the court below is affirmed.