Affirmed.

## Commonwealth *v.* Woods.

Argued September 13, 1972, before Judges KRAMER, MENCER and ROGERS, sitting as a panel of three.

*Daniel J. Snyder,* with him *William Soisson* and *Costello, Snyder, Berk & Horner,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, October 10, 1972:

On May 31, 1967, on U. S. Route 30, one and one-half miles east of Greensburg, Hempfield Township, Westmoreland County, William J. Woods (appellant) was apprehended by a State Trooper for operating his automobile at a rate of 78 m.p.h. in a 50 m.p.h. speed zone established by the Secretary of Transportation (the Secretary) under Section 1002(b) (8) of The Vehicle Code (the Code), Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b) (8). Appellant paid a fine and costs when taken to a local magistrate. Having received a report of this conviction, the Secretary conducted a departmental hearing on October 17, 1967, at which appellant appeared and testified. Subsequently a license suspension notice was sent to appellant informing him that under Section 618(b) (2), 75 P.S. §618(b) (2), his license was suspended for three months, effective December 8, 1967, for speeding in violation of Section 1002(b) (8). This suspension was appealed to the Court of Common Pleas of Fayette County (the county in which appellant resides), and a hearing was set for February 1, 1968. On February 9, 1971, after granting a supersedeas on December 7, 1967 (appel-

lant's license was restored December 12, 1967), a judge of the Fayette County court ordered the suspension reduced to a period of thirty days from the date of the order. On March 1, 1971, for unspecified reasons, this same judge vacated his February 9, 1971, order and listed the case for argument before the court en banc. Argument was held, and on April 5, 1972, the court dismissed the appeal and reinstated the Secretary's order of suspension. This appeal followed.

Appellant first argues that, since he was licensed as an operator of motor vehicles under Section 601 of the Code, he therefore comes within the exception set forth in Section 618(b)(2) and any suspension must be imposed as provided in Section 619.1.

The exception in Section 618(b)(2) was added by the Act of January 24, 1966, P. L. (1965) 1497, which, by its §2, added the Points System (Section 619.1) to the Code. Had the Legislature intended that all those licensed under Section 601 (which includes everyone except those few stipulated in Section 602) be suspended only under the Points System, an exception to Section 618(b)(2) would have been unnecessary and meaningless. In fact, Section 619.1(a) specifically states, "In addition to the powers and duties of revocation and suspension conferred upon the secretary under sections 616, 617, *618* and 619 of this act . . . ." Were we to accept appellant's position, dozens of other Code violations not enumerated in Section 619.1 would go unenforced. It is plain that the exception in Section 618 (b)(2) concerns "those *violations* . . . as enumerated in section 619.1" (emphasis added). The modifying phrase "committed by persons licensed under the provisions of section 601 of this act" is incidental. Therefore, appellant does not fall within the exception to Section 618(b)(2) simply because he was licensed to drive under Section 601; to gain the exception he must have committed a violation which is enumerated, by

Code section, in Section 619.1. As we stated in *Department of Transportation v. Jakiel,* 4 Pa. Commonwealth Ct. 80, 83, 286 A. 2d 28, 29 (1972), ". . . Section 1002 (b)(8), because of purposeful legislative omission, is not mentioned (as it would have to be) in Section 619.1 (b), so the latter section does not apply, and the more general Section 618(b)(2) is then applicable after a departmental hearing concerning the matter. See Moffa Motor Vehicle Operator License Case, 214 Pa. Superior Ct. 278, 257 A. 2d 615 (1969), and Kerr Motor Vehicle Operator License Case, 213 Pa. Superior Ct. 406, 249 A. 2d 787 (1968)."

Appellant next contends that he has been denied equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States because he received a suspension of ninety days under Section 618(b)(2) whereas he would have been assessed six points and suspended only thirty days for exceeding the speed limit by 28 m.p.h. under Section 619.1(b).

The solution to this seeming anomaly is one of locality and circumstances. Our discussion of the problem in *Treadwell v. Commonwealth,* 3 Pa. Commonwealth Ct. 221, 281 A. 2d 373 (1971), is particularly apt, especially the following:

"It is true, as Treadwell argues, that the Legislature has mandated the specific penalty to be imposed if an individual is exceeding the speed limit which exists for a particular road or zone if it is the speed limit which prevails generally for that type of a road or zone throughout the Commonwealth. Treadwell, however, was not exceeding by forty (40) miles an hour, the general speed limit for this type of road which is established throughout the Commonwealth. He was exceeding, by forty (40) miles an hour, a special reduced speed limit established by the Secretary.

"We do not see how there can be any denial of equal protection of the laws under the above circumstances. It is not possible for two individuals to receive different penalties for the *identical* violation. If a person exceeds a speed limit which is a speed limit for a particular road or zone that prevails throughout the Commonwealth, the penalty is governed by what is known as the 'point system' rules. But if one is in violation of a special reduced speed limit which deviates from the regular limits that prevail throughout the Commonwealth the Secretary may determine the penalty. There is no denial of equal protection of the laws under such circumstances." 3 Pa. Commonwealth Ct. at 226, 281 A. 2d at 375-6.

Thus, discrimination as to localities is not necessarily a violation of the Fourteenth Amendment. *Upsey v. Secretary of Revenue,* 193 Pa. Superior Ct. 466, 165 A. 2d 267 (1960).

" '[T]here is nothing in the Constitution to prevent any State from adopting any system of laws or judicature it sees fit for all or any part of its territory . . . . This would not, of itself, within the meaning of the 14th Amendment, be a denial to any person of the equal protection of the laws . . . . It means that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes *in the same place and under like circumstances.'* " *Salsburg v. State of Maryland,* 346 U.S. 545, 551, 74 S. Ct. 280, 283, 98 L. Ed. 281, 288 (1954), quoting *Missouri v. Lewis,* 101 U.S. 22, 31, 25 L. Ed. 989, 992 (1880) (Emphasis added).

Appellant further contends, without merit, that the discretionary power to impose suspensions under Section 618(b)(2), vested in the Secretary by the Legislature, leaves too much to his "whim or fancy." As of November 15, 1966, the Secretary has used as a uniform

364

guideline the "Supplement to Schedule of Suspensions and Revocations, RTS-610 (6-64)" for violations of the Code in cases not involving the Points System. *See Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971).

Finally, appellant avers that Section 620 of the Code denies him due process of law because it limits judicial review of a suspension to an examination of the facts of the case to determine whether the appellant actually deserves his suspension without additionally empowering the court to modify the suspension period promulgated by the Secretary. We have already sufficiently dealt with this contention in *Commonwealth v. McCartney, supra*.

The order of the court below is affirmed.