## Commonwealth *v.* Boylan.

Argued November 2, 1972, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Edward J. I. Gannon, Jr.,* with him *Hazlett, Gannon & Jacobs,* for appellee.

OPINION BY JUDGE ROGERS, December 8, 1972:

The appellee, Margaret C. Boylan, was arrested for operating a motor vehicle at a speed of 75 miles per hour in a 45 miles per hour speed zone in violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. Section 1002 (b)(8), declaring unlawful the operation of a vehicle at a speed in excess of limits established by the Secretary of Transportation indicated by the erection of official signs. An information was filed by the arresting officer and the appellee paid the statutorily imposed fine and costs, without appearing. Upon receipt of the magistrate's report of conviction, the Secretary of Transportation conducted a hearing on the matter of whether the appellee's license should be suspended, pur-

suant to the power vested in him by Section 618(b) (2) of The Vehicle Code, 75 P.S. Section 618(b) (2). The appellee did appear at this hearing and did testify. The Secretary suspended her license for a period of four months.

The suspension was appealed to the Common Pleas Court of Allegheny County. After hearing de novo a judge of that court restored appellee's operating privileges. The court explained its action by the brief Order following: "And now, this 12th day of April, 1971, the above Appeal having come on for hearing, upon consideration thereof, it is hereby ordered that the Appeal of the Defendant is sustained. The suspension for a period of four months is excessive. We find that defendant was not operating her auto at 30 miles over the speed limit. We find that the evidence as to the speed posted was not clear and defendant [stated] that she was in a 55 MPH zone. This is the first violation for defendant after driving for 18 years. Defendant needs her auto in her employment."

It is our duty to examine the testimony to determine whether the findings of the court are supported by the competent evidence and whether its conclusions of law were correctly made. *Commonwealth v. Halteman*, 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960). We have done so and ascertain that the police officer testified that he timed the defendant's rate of speed at 75 MPH for a distance of four-tenths of a mile within a zone limited by posted signs to speeds of 45 MPH. The appellee in her testimony accepted the arresting officer's statement that she was in fact speeding but stated her belief that she was not traveling as fast as 75 MPH. So far as the zone was concerned, her testimony was that she was simply not aware that she was in other than a 55 MPH zone. Unawareness of speed or of a posted limit is not an excuse for violation of the law,

nor is it an effective rebuttal of positive testimony of a violation. *Department of Transportation v. Jackiel,* 4 Pa. Commonwealth Ct. 80, 286 A. 2d 28 (1972). The Court of Common Pleas must act in accordance with the evidence and may not ignore established facts on the ground that the driver was unaware of what he was doing. *Commonwealth v. Moogerman,* 385 Pa. 256, 263, 122 A. 2d 804 (1956).

The Court's order mentions several other considerations which apparently moved it to reinstate the appellee's license. It believed that the four months suspension was excessive. The Secretary has promulgated a schedule of suspensions to be imposed in this type of case and the penalty here was that prescribed for exceeding the posted limit by 30 miles or more. The use of such a schedule was approved in *Stout Motor Vehicle Operator License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962). The court notes also that the appellee had a good driving record and needs her automobile in her employment. These are not reasons for disturbing the Secretary's action. Speeding alone is a sufficient reason for a suspension. *Commonwealth v. Pison,* 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971).

The order of the court below is reversed, and the order of suspension imposed by the Secretary of Transportation is reinstated. A reinstated suspension shall be issued within thirty days.