Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* Ethel Batley Vairo, Appellee.

Argued May 11, 1973, before Judges KRAMER, MEN-
CER and BLATT, sitting as a panel of three.

*Stuart A. Liner,* Assistant Attorney General, with
him *Anthony J. Maiorana,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *Is-
rael Packel,* Attorney General, for appellant.

*Ethel Batley Vairo,* appellee, for herself.

OPINION BY JUDGE MENCER, July 19, 1973:

On December 23, 1971, Ethel Batley Vairo (appellee), while traveling east on Interstate Route 80, was apprehended by an officer of the Pennsylvania State Police and charged with driving at a speed fifteen miles per hour over the posted sixty-five-mile per hour limit, in violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). Information was filed before a local magistrate and appellee subsequently paid fine and costs in the amount of fifteen dollars. On July 5, 1972, appellee appeared at a hearing conducted by a Bureau of Traffic Safety representative where evidence of a prior speeding violation, for which only a warning letter was issued, as well as of an alleged Section 1016 violation,[1] was admitted. Pursuant to findings of the departmental examiner and under authority of Section 618(b)(2) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §618(b)(2), appellee's license was suspended for thirty days, effective October 24, 1972. Appellee petitioned for appeal to the Court of Common Pleas of Clarion County September 26, 1972, and a hearing de novo and a supersedeas to the suspension order were granted. On November 2, 1972, the court below sustained the appeal, and the Commonwealth filed this appeal from the lower court's order on December 1, 1972, in an attempt to reinstate the Secretary's suspension.

---

[1] There appears on the record some conflict as to whether this was a Section 1016 (stop sign) or a Section 1014 (failure to yield right of way) violation. While the hearing examiner concluded that appellee in this action had been convicted of a Section 1016 violation, the lower court correctly ruled only on the basis of the two speeding violations since records kept by the Secretary of Transportation pursuant to Section 619.1(b) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §619.1(b), failed to note other violations.

It is well established that upon appeal from a hearing de novo this Court will reverse the lower tribunal only where its findings are not supported by competent evidence or it made erroneous conclusions of law or its decision exhibits manifest abuse of discretion. *Commonwealth v. Boylan,* 6 Pa. Commonwealth Ct. 629, 297 A. 2d 831 (1972); *Commonwealth v. Pison,* 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971).

In restoring appellee's operating privileges, the lower court was concerned about the fact that appellee's license was suspended for thirty days following a Section 1002(b)(8) violation of fifteen miles per hour over the posted speed limit, whereas Section 619.1 of The Vehicle Code, Act of April 29, 1959, P. L. 58, 75 P.S. §619.1 (the point system section), would mandate a maximum penalty of only six points with no loss of driving privilege for a similar offense. The court concluded the Secretary had abused his discretion in directing license suspension for a violation governed by Section 618(b)(2) where such penalty was in excess of that established by the Legislature for an "identical" offense under Section 619.1.

However, Sections 618(b)(2) and 619.1 are *not* applicable to identical violations and are applied in the alternative, depending on the locality and circumstances of a speeding violation. *Commonwealth v. Woods,* 6 Pa. Commonwealth Ct. 359, 295 A. 2d 612 (1972); *Treadwell v. Commonwealth,* 3 Pa. Commonwealth Ct. 221, 281 A. 2d 373 (1971). In the instant case, appellee was exceeding by fifteen miles per hour a limit established under Section 1002(b)(8), a limit that "[t]he Secretary of [Transportation] may, after due investigation, establish . . . on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speed other than as provided by this act." That one type of speeding

violation, covered by Section 1002(b)(8), is subject to Section 618(b)(2) discretionary penalties, while all others are subject to mandatory penalties of Section 619.1, is in no way a denial of Fourteenth Amendment rights and is entirely within the legislative prerogative. *Commonwealth v. Woods, supra; Commonwealth v. Treadwell, supra.*

The lower court incorrectly asserts that the Secretary has abused discretion granted under Section 618 (b) which provides, *inter alia*:

"The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, whenever the Secretary finds upon sufficient evidence;

. . . .

"(2) That such person has committed any violation of the laws of this Commonwealth relating to vehicles . . . , except those violations committed by persons licensed under the provisions of section 601 of this Act [75 P.S. §601], as enumerated in section 619.1 of this act [75 P.S. §619.1]. . . ."

To assure fairness and uniformity in application of the above authorized discretion, the Secretary has promulgated *The Supplement to Schedule of Suspensions and Revocations, RTS—610 (6-64),* effective November 15, 1966. The Schedule regulates penalties for Section 1002(b)(8) violations in much the same manner as Section 619.1 mandates penalties for other speeding violations. Application of suspensions described in the Schedule causes all like violations to be treated in a similar manner, and the Secretary's adherence thereto will preclude grounds for any charge of arbitrariness or capriciousness. For the first Section 1002(b)(8) offense the Secretary has regulated, under the Schedule, suspension for thirty days where the speeding violation is that of fifteen miles per hour over the limit.

Appellee's suspension was consistent with such regulation.

This Court has held that economic hardship resulting from a suspension shall *not* be sufficient to show abuse of discretion by the Secretary. *Department of Transportation v. Jakiel,* 4 Pa. Commonwealth Ct. 80, 286 A. 2d 28 (1972) ; *Commonwealth v. Pison, supra; Commonwealth v. Vekovius,* 2 Pa. Commonwealth Ct. 226, 278 A. 2d 371 (1971). The rationale behind this so-called "economic hardship doctrine" is well established within Pennsylvania. In an era of increased dependency upon the motor vehicle for general transportation and for the conduct of one's livelihood, almost every license suspension creates a degree of economic hardship on the individual whose driving privileges have been revoked; yet as early as 1953 the Pennsylvania Supreme Court, referring to the policy of an economic hardship doctrine, analogized to application of criminal penalties: "Every time a person is convicted of a crime and is sentenced to prison, he and his family doubtless suffer an economic loss. But this constitutes no excuse for defendant's wrongdoing." *Commonwealth v. Emerick,* 373 Pa. 388, 400, 96 A. 2d 370, 376.

While appellee will undoubtedly suffer a considerable degree of economic hardship as the result of license suspension, her economic hardship is no defense to the suspension.

For these reasons, the order of the court below is reversed, and the order of the Secretary of Transportation is reinstated. A reinstated suspension of thirty days shall be issued within thirty days.