Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, *v.* William F. Huff, Appellee.

Argued September 14, 1973, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*George L. Daghir,* for appellee.

OPINION BY JUDGE WILKINSON, October 10, 1973:

William F. Huff was given a traffic citation by a Pennsylvania State trooper on June 8, 1971, for operating a tractor-trailer on Interstate 80 at the rate of 71 miles per hour in a 55 miles per hour zone, in violation of Section 1002(c) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(c).

Information was filed and Huff, herein the appellee, paid a fine plus costs on June 22, 1971. As a result thereof, he received official notice from the Bureau of Traffic Safety advising him that his driving privileges would be suspended for a 15-day period. Subsequently, appellee received a formal notice of "Withdrawal of Motor Vehicle Privileges" from the Secretary of Transportation, advising that under Section 619.1(b) of The Vehicle Code, "[a] mandatory 15 day suspension is imposed based on your conviction of speeding 71 MPH in [a] 55 MPH zone." On appeal, the Court of Common Pleas of Elk County sustained the appeal and directed the Secretary of Transportation to reinstate the license. The lower court was in error and we must reverse.

Our scope of review, as recently set forth in *Commonwealth v. Critchfield*, 9 Pa. Commonwealth Ct. 349, 305 A. 2d 748 (1973), "is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made." In reinstating appellee's license, the lower court, in its opinion said: "[I]t should not be left to the whim or choice of the arresting officer to select the section under which an operator should be charged for the same offense on the same highway." A close reading of The Vehicle Code reveals that the section under which an operator is to be charged is *not* left to the whim or choice of the arresting officer. Appellee, as the operator of a commercial vehicle, was properly charged with violation of Section 1002(c) of The Vehicle Code and could not have been charged under Section 1002(b)(8) which is limited to non-commercial vehicles.

Appellee contends that the effect of Sections 618 (b)(2) and 619.1 of The Vehicle Code is to treat users of Interstate 80 differently, i.e., passenger car drivers

who violate Section 1002(b)(8) are treated under Section 618(b)(2) and thus not subject to the point system, *see e.g., Commonwealth v. Vekovius,* 2 Pa. Commonwealth Ct. 226, 278 A. 2d 371 (1971), while drivers of commercial vehicles are treated under Section 619.1 (which specifically excludes Section 1002(b)(8) and includes 1002(c) in its enumeration of point system violations) and thus subject to the point system. Appellee further contends that such difference in treatment is a denial of the equal protection of the laws under the Fourteenth Amendment to the Constitution. We disagree.

It is well-recognized that a statutory "classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of legislation, so that all persons similarly circumstanced shall be treated alike." *Eisenstadt v. Baird,* 405 U.S. 438, 447, 92 S. Ct. 1029, 1035, 31 L. Ed. 2d 349, 359 (1972). The Pennsylvania Legislature has determined that operators of commercial vehicles and the operators of passenger cars should be treated differently. After considering the safety objectives of motor vehicle legislation and the greater risk of harm to persons and property presented by speeding trucks, we conclude that the Legislature, in establishing the classification outlined above, did not act arbitrarily and that the classification is reasonable and not a denial of the constitutional rights of operators of commercial vehicles. *Commonwealth v. Vairo,* 9 Pa. Commonwealth Ct. 454, 308 A. 2d 159 (1973).

Accordingly, the order of the court below is reversed, and the order of the Secretary of Transportation, suspending the appellee's operator's license, is reinstated. A reinstated suspension shall be issued within thirty days.