Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, v. Leonard E. Chutz, Appellee.

Argued December 6, 1973, before Judges WILKIN-SON, JR., MENCER and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*Michael M. Mamula,* for appellee.

OPINION BY JUDGE WILKINSON, December 31, 1973:
Appellee's operating privileges were suspended by the Secretary of Transportation for a period of two months as a result of his conviction on April 17, 1972, of violating Section 1002(b)(8) of The Vehicle Code,

Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8), which provides:

"(8) The Secretary of Highways [now Transportation] may, after due investigation, establish any speed limit on State highways where traffic conditions or other conditions of the highway make it safe to operate motor vehicles at the speeds other than as provided by this act.

"Any such established speed limit shall be indicated by the erection of official signs, spaced not less than one-eighth (1/8) of a mile apart, on the right-hand side of the highway facing the traffic to be controlled, and at the end of the speed zone there shall be an official sign indicating the end of such speed zone, except that on limited access highways the signs shall be placed at the beginning and end of said limited access highways and at reasonable intervals in the discretion of the Secretary of Highways [now Transportation]." The record establishes that appellee was travelling 56 miles per hour in a zone the speed limit of which had been reduced by the Secretary of Transportation to 40 miles per hour.

Appellee appealed the Secretary's action in suspending his operating privileges to the Court of Common Pleas. In his petition for leave to appeal, he recited his unblemished record of driving, covering 22 years and 75,000 miles a year. He alleged he paid the fine and costs and was told "there would be no points against his record." He recited further his need to have his driving privileges reinstated to protect a $500,000 investment in the corporation for which he travels. The last paragraph alleged: "Your Petitioner avers that the suspension of his license for a period of two (2) months, or for any period is arbitrary, unjust and not in accord with the evidence and circumstances in the case, and will cause Petitioner great inconvenience and loss by reason of the fact that it is necessary for

him to use his driving privileges in order to earn his livelihood, and will work irreparable loss and hardship upon the Defendant, your Petitioner."

After the lower court held a de novo hearing, it reversed the action of the Secretary, not for any reasons alleged in the petition, but because the lower court found that the signs posted by the Secretary, while not less than one-eighth of a mile apart, were not sufficiently close together to give the appellee reasonable notice that he had entered and was travelling in a reduced speed zone. We disagree and must reverse.

It was stated expressly in the opinion that the only issue which troubled the court below was that of the posting. The lower court properly cited Judge, now Justice, MANDERINO'S opinion in *Treadwell v. Commonwealth*, 3 Pa. Commonwealth Ct. 221, 224, 281 A. 2d 373, 374 (1971), for the proposition that the Secretary does not have "untrammelled discretion to post signs at any interval greater than one-eighth of a mile." Justice MANDERINO'S example of unreasonableness was the posting of signs 10 miles apart. Here, after the first sign, properly posting the reduced speed limit, there was an interval of seven-tenths of a mile before the next sign. After the second sign, there was an interval of one-fifth of a mile, at which point appellee was "clocked" going 56 miles per hour. The only critical distance here involved is the difference between one-eighth of a mile which is the minimum established by the Legislature and one-fifth of a mile where appellee was exceeding the limit. If we were to sustain the lower court, we would be holding that signs must be placed a minimum of one-eighth of a mile apart and a maximum of something less than one-fifth of a mile apart. This would be effectively limiting the Secretary's discretion not to under 10 miles as suggested in *Treadwell, supra,* but to less than 150 yards.

Appellee is in no position to complain of the absence of posting farther along in the zone in an area he had not entered. The lower court stated: "It seems to me two signs such as here, reducing normal speed over a three-mile stretch of highway, are unfair and less than reasonable." Such an observation might be persuasive if appellee had travelled two and one-half miles after passing a sign before he was clocked. That is not this case. Here, he had travelled only one-fifth of a mile.

Accordingly, we enter the following

ORDER

Now, December 31, 1973, the decision of the court below is reversed and the suspension ordered by the Secretary of Transportation is reinstated.