Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant, v. Robert J. Jula, Appellee.

Submitted on briefs January 10, 1974, to Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellant.

*John H. Duff,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 6, 1974:

The Commonwealth appeals an order of the Court of Common Pleas of Allegheny County which reversed an order of the Secretary of Transportation (the Secretary) suspending for one month the operator's license of Robert J. Jula (Appellee).

Appellee was apprehended by a Pennsylvania State Police Trooper on Pennsylvania Route 151, in Indiana Township, Beaver County, and charged with operating his automobile at a rate of 65 m.p.h. in a 50 m.p.h. reduced speed zone, in violation of Section 1002(b)(2) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). Appellee paid the fine and costs. A Department hearing, at which Appellee appeared, was held as a result of which his operator's license was suspended for one month pursuant to Section 618(b)(2), 75 P.S. §618(b)(2).

Appellee appealed to the Allegheny County Common Pleas Court which granted a supersedeas and con-

ducted a de novo hearing. The court sustained the appeal and in amplifying its decision said: "[I]nasmuch as [Appellee] would have suffered no suspension whatsoever had his speeding violation occurred on any highway or in any situation covered by the Point Count Act, the 30 day suspension constitutes an abuse of discretion. The particular violation was of Section 1002 (b) (8) of The Vehicle Code. That section permits the Secretary to establish speed limits on certain highways and in certain conditions. Violations occurring under that section may be punished by suspension in accordance with the provisions of Section 618(b) of the Code. Section 619.1 of the Code provides for automatic suspensions in certain instances and for the imposition of points. For speeding violations involving Sections 1002(b) (4) (5) (6) (7) (9) an automatic 15 day suspension is required for a speeding violation of 16 to 20 miles over the legal limit. The instant case involves a speeding violation of 15 miles over the legal limit. In such instances had the speeding violation not occurred in a situation covered by Section 1002(b) (8) not only would there not have been a 15 day suspension there would have been no suspension at all and the Secretary would have been limited to the imposition of 6 points. In the view of the court a 15 day suspension in lieu of the imposition of 6 points would have been reasonable. . . . The court would have much preferred to impose a 15 day suspension but was informed, as the record indicates, that it does not have jurisdiction to do so and could only sustain or dismiss the appeal. That being the case the court chose to sustain the appeal in view of its conclusion that the Secretary had abused his discretion."

As the foregoing indicates, Appellee's license was suspended for a violation of Section 1002(b) (8), and there is no real dispute that Appellee, in fact, violated 1002(b) (8). This is *not* a point system case.

Our scope of review in cases involving the suspension of a motor vehicle operator's license is limited to a determination of whether there are errors of law or the findings of the lower court are not supported by competent evidence, and the action of the court below will not be disturbed on appeal absent a manifest abuse of discretion. *Bureau of Traffic Safety v. Vairo,* 9 Pa. Commonwealth Ct. 454, 308 A. 2d 159 (1973); *Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971). Although we appreciate the candor of its Opinion, the court below committed an error of law by effectually usurping the discretion vested in the Secretary to determine the appropriateness of a suspension after the court found a violation of Section 1002(b)(8). The law is clear that a court of common pleas, hearing a suspension appeal de novo, may determine whether the evidence establishes a suspension violation, but if it so finds, the court is without authority to modify the period of the suspension imposed. *Commonwealth v. Garman,* 361 Pa. 643, 66 A. 2d 271 (1949); *Commonwealth v. Massey,* 3 Pa. Commonwealth Ct. 304, 281 A. 2d 371 (1971). "[B]oth the statute and case law establish that the discretion of the Secretary that is subject to review by the lower court after a de novo hearing is whether the person charged has committed a violation of the law for which the Secretary is authorized to suspend." *Marcone v. Kassab,* 8 Pa. Commonwealth Ct. 628, 630, 304 A. 2d 175, 176 (1973).

It is apparent that the lower court in an effort to rectify an injustice or at least to right an unreasonable application of the law, considered the imposition of a one month suspension to be an abuse of the Secretary's discretion because Appellee would have received only six points had his violation been under Section 619.1 rather than mandatory suspension schedule of Section 618(b)(2). We cannot ignore the fact that Appellee

144

was arrested for violating Section 1002(b)(8), the penalty for which is mandated by Section 618(b)(2). In this context, the lower court was in error in considering the alternative penalties provided by Section 619.1. *Commonwealth v. Huff,* 10 Pa. Commonwealth Ct. 261, 310 A. 2d 435 (1973); *Commonwealth v. Vekovius,* 2 Pa. Commonwealth Ct. 226, 278 A. 2d 371 (1971).

Nor was the court at liberty to circumvent the limits of its authority to modify a suspension by merely sustaining the appeal. As Judge MENCER, writing for this Court in *Commonwealth v. McCartney, supra,* noted: "It is an erroneous concept that under the guise of a de novo hearing, a common pleas court can not only examine the facts of a case to determine whether Appellant actually deserves his suspension, but can additionally modify the suspension period promulgated by the Secretary. Knowing this full well, some lower courts, as this one here, simply reverse the suspension altogether. To do so, or to modify the suspension, infringes upon the discretion vested in the Secretary and amounts to a manifest abuse of discretion. . . . Thus, the Supreme Court in Commonwealth v. Moogerman, 385 Pa. 256, 259, 122 A. 2d 804, 806 (1956) has said, 'The decision of the County court in the case at bar, if unreserved, would tend to give ballast to the unsubstantiated notion that the Courts may be called upon to function as ex officio pardon boards to mitigate the penalties which the legislature empowered the secretary [of Transportation] to impose under given conditions.' " (2 Pa. Commonwealth Ct. at 546, 279 A. 2d at 80.)

For the above reasons, the order of the court below is reversed, and the Secretary of Transportation is ordered to reinstate the one month suspension within thirty days.