Commonwealth of Pennsylvania, Department of
Transportation, Bureau of Traffic Safety,
Appellant, *v.* Robert E. Thompson,
Appellee.

Argued March 8, 1974, before Judges CRUMLISH,
JR., KRAMER and ROGERS, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with
him *Anthony J. Maiorana,* Assistant Attorney General,
*Robert W. Cunliffe,* Deputy Attorney General, and *Is-
rael Packel,* Attorney General, for appellant.

*Donald T. Detnosa,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 19, 1974:
On April 29, 1972, Appellee Robert E. Thompson
was apprehended on Interstate 81 for driving at a speed

of 76 m.p.h. in a posted 65 m.p.h. zone, in violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). Following his conviction for this offense, the Secretary of Transportation suspended Thompson's operator's license for one (1) month pursuant to Section 618(b)(2) of The Vehicle Code, 75 P.S. §618(b)(2). On appeal to the Court of Common Pleas of Delaware County, and after a de novo hearing, the court below sustained the appeal on the ground that the suspension was excessive because, had the violation been punishable under Section 619.1 of The Vehicle Code, 75 P.S. §619.1, Thompson would have only been assessed six points for exceeding the speed limit by 11 m.p.h.

There is no question that the lower court committed an error of law by sustaining Thompson's appeal solely on this ground. See our recent decisions in *Commonwealth v. Jula*, 12 Pa. Commonwealth Ct. 140, 316 A. 2d 681 (1974); and *Commonwealth v. Huff*, 10 Pa. Commonwealth Ct. 261, 310 A. 2d 435 (1973); *Commonwealth v. Vairo*, 9 Pa. Commonwealth Ct. 454, 308 A. 2d 159 (1973); *Commonwealth v. McCartney*, 2 Pa. Commonwealth Ct. 540, 279 A. 2d 77 (1971); *Commonwealth v. Vekovius*, 2 Pa. Commonwealth Ct. 226, 278 A. 2d 371 (1971). Rather, Appellee argues that the case be remanded to enable the court below to determine the factual question of whether there were sufficient extenuating circumstances surrounding the incident to justify his violation. We need not remand the case, however, as the record clearly establishes that the Commonwealth has made out a prima facie case, and the mitigating circumstances presented, even if given full credence, would not afford the lower court a basis to reverse the suspension.[1]

---

[1] Primarily, Appellee contends that he was not aware of his speed because of a malfunction in his speedometer. Aside from the

Accordingly, we reverse the order of the court below, and direct the Secretary of Transportation to reinstate the one month period of suspension.

---

Appellee's own testimony, no attempt was made to prove that the speedometer was defective at the time of the violation, and thus the court could not excuse the violation on this basis. *Commonwealth v. Buchser*, 185 Pa. Superior Ct. 54, 138 A. 2d 191 (1958). Nor does the fact that Appellee was unaware of his speed mitigate the violation. *Commonwealth v. Boylan*, 6 Pa. Commonwealth Ct. 629, 297 A. 2d 831 (1972) ; *Department of Transportation v. Jakiel*, 4 Pa. Commonwealth Ct. 80, 286 A. 2d 28 (1972). Nor does the absence of heavy traffic or the fact that the violation occurred on a downgrade in a desolate section of the highway warrant a driver to exceed the posted speed limit. *Commonwealth v. Pison*, 2 Pa. Commonwealth Ct. 522, 279 A. 2d 84 (1971).