Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Dennis W. Meinhart, Appellee.

Argued February 6, 1976, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Peter A. Dunn,* with him *Fronefield, deFuria & Petrikin,* for appellee.

OPINION BY JUDGE ROGERS, February 27, 1976:

Section 1002 (b) (8) of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended,* 75 P.S. §1002 (b) (8) authorizes the Secretary of Transportation to establish speed limits other than those provided by the Code, and requires the Secretary in such case to indicate such established speed limit by the erection of signs placed not less than one-eighth of a mile apart, "except that on limited access highways, the signs shall be placed at the beginning and end of State limited access highways and at reasonable intervals in the discretion of the Secretary of Transportation." The instant appellee, Dennis W. Meinhart, was apprehended by a peace officer in Montour County, Pennsylvania and charged with operating his vehicle at a speed of 83 miles per hour in a 65 mile per hour zone on Interstate Route 80, a limited access highway. Mr. Meinhart was found guilty and paid the fine and costs. The Secretary of Transportation suspended Mr. Meinhart's operator's license for two months pursuant to Section 618 (b) (2) of The Vehicle Code, 75 P.S. §618 (b) (2), upon his finding after an administrative hearing that Mr. Meinhart had committed a violation of the law relating to vehicles.

On appeal, the Court of Common Pleas of Delaware County, after hearing, sustained Mr. Meinhart's appeal

from his suspension on the ground that the Secretary failed to prove that signs establishing the 65 mile per hour speed limit were placed at the beginning and end of Interstate Route 80 at the New Jersey and Ohio borders. The prosecuting officer testified at the hearing that speed warning signs are erected on Interstate 80 approximately every three miles and that such a sign was erected approximately two miles east of the place where Mr. Meinhart was apprehended traveling in a westerly direction at a speed of 83 miles per hour. The record contains evidence that Interstate Route 80 has a total length of 305 miles from New Jersey to Ohio, and we can take judicial notice of the fact that Montour County is about 80 miles from the New Jersey line and, of course, more than that from Ohio. In *Bureau of Traffic Safety v. Chutz,* 11 Pa. Commonwealth Ct. 328, 315 A.2d 880 (1973), we declared that an operator was in no position to complain of the absence of posting in an area he had not entered. We here hold that the Secretary, by proving the presence of an official sign at a reasonable distance from the location of the speeding offense, has sufficiently proved his compliance with Section 1002(b)(8), 75 P.S. §1002 (b)(8), and that it is not necessary that the Secretary prove the existence of other signs at locations having no relevance to the facts in issue.

Order reversed; the suspension ordered by the Secretary of Transportation is reinstated.