Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Nicholas Cormas, t/d/b/a Frankstown Auto Alignment, Appellee.

Argued June 6, 1977, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Charles Caputo* and *Michael W. Zurat,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 21, 1977:

This is an appeal by the Department of Transportation, Bureau of Traffic Safety (Bureau) from an order of the court of common pleas setting aside the Bureau's suspension of the Certificate of Appointment of Official Inspection Station #7382, held by Nicholas Cormas, t/d/b/a Frankstown Auto Alignment (Appellee). We reverse.

On August 15, 1974, a Pennsylvania state trooper observed Appellee placing an inspection sticker on an automobile parked outside the area of Appellee's es-

tablishment designated for inspections, namely, the garage itself. Upon inquiry by the trooper, Appellee admitted that the vehicle had not been inspected. Subsequently, he was notified that he was charged with "violation of Section 819(f) of the Vehicle Code for performing a faulty inspection" and that he had a right to a departmental hearing. Appellee returned the notice with the indication that he would not attend such a hearing. On October 2, Appellee was notified that his inspection privileges were suspended effective that day, "for a period of six (6) months, for violation of Section 819(f) of the Vehicle Code, for faulty inspection." At the same time his certificate and unused inspection stickers were confiscated.

Section 819(f)[1] states, in pertinent part:

(f) It shall be unlawful for any person to furnish, give or sell to any owner or operator of a motor vehicle, trailer or semi-trailer, or to any other person, or to place in or on any such vehicle a certificate of inspection and approval, unless an official inspection of its mechanism and equipment shall have been made, and the vehicle conforms with the provisions of this act.

Appellee appealed to the court of common pleas, which granted him a supersedeas; as a result, his inspection certificate was returned to him on or about November 6, approximately five weeks after it was lifted. After a hearing de novo, the court found Appellee "not guilty," sustained his appeal, and set aside the suspension. The court reasoned that the Official Inspection Station Instruction Manual[2] prescribed a one-year suspension for the offense of loan, sale or gift of a sticker without the proper inspection and that

---

[1] Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §819.

[2] *See* Schedule of Penalties and Suspensions, Official Inspection Station Rules and Regulations, adopted September 14, 1966, Regulation No. 499-209-1, 3 Pa. Bulletin 2838, 2877.

the Bureau's director had abused his discretion in suspending Appellee for only six months, the penalty prescribed by the manual for faulty inspection, which the court viewed as a completely separate and, in this case, unproven offense.

Our review of adjudications by lower courts in inspection certificate suspension cases is limited to whether there has been an error of law or whether the findings of the lower court can be supported by competent evidence. Generally, the trial court's order will not be disturbed absent a showing of manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Verna,* 23 Pa. Commonwealth Ct. 260, 351 A.2d 694 (1976). But the power and discretion vested in that court is likewise narrow. As we wrote in *Verna, supra,*

it is important to note that, though the case is heard de novo, the lower court is limited in its decision *solely to a de novo determintion of whether the person charged with the violation has indeed committed the violation for which the sanction was imposed.* The court may not, as a parallel to exercising its discretion as *fact-finder,* do more than (1) affirm the Director's penalty because the law as applied to the facts heard de novo leads to a conclusion of a violation of the law or (2) reverse the Director's penalty because the law as applied to the facts heard de novo does not lead to a conclusion of a violation of law. The court may not, because of the possible unfairness or inequity of the result, reverse the Director or modify the penalties imposed. See Commonwealth v. Thompson, 13 Pa. Commonwealth Ct. 162, 318 A.2d 408 (1974) ; Commonwealth v. Jula, 12 Pa. Commonwealth Ct. 140, 316 A.2d 681 (1974) ; Commonwealth v. McCartney, 2 Pa. Commonwealth

Ct. 540, 279 A.2d 77 (1971). (Emphasis in original.) (Footnote omitted.)

*Verna, supra,* 23 Pa. Commonwealth Ct. at 261-62, 351 A.2d at 695.

Thus, it is a manifest abuse of discretion for a trial court to modify a suspension or, worse, to reverse a suspension, when it finds that the party charged has committed a punishable violation but it disagrees with the penalty imposed. *Commonwealth v. McCartney,* 2 Pa. Commonwealth Ct. 540, 546, 279 A.2d 77, 80 (1971). We hold the court below committed such an abuse of discretion here.

Both the offense of furnishing a sticker without inspection and that of faulty inspection are violations of Section 819(f). The two offenses are of the same kind and differ only in degree. The testimony presented to the Court clearly supported the citation of Appellee for the more serious offense of furnishing without inspection; in fact, the record is completely devoid of evidence tending to rebut the charge. The lower court's inquiry should have ended at that point, with an affirmance of the Bureau's action. The Bureau's imposition of a six-month suspension for the lesser included offense of faulty inspection, whereby it punished Appellee *less* severely than it legally could have, was a proper exercise of the powers vested in it by the legislature, *McCartney, supra,* and the court below erred in attempting to overturn it. We therefore enter the following

ORDER

AND Now, this 21st day of September, 1977, the order of the Court of Common Pleas of Allegheny County dated September 12, 1975, sustaining the appeal of Appellee is hereby reversed and the six-month suspension of the Certificate of Appointment of Official Inspection Station #7382 ordered by the Director

of the Bureau of Traffic Safety on October 2, 1974, is reinstated, with credit to be allowed for time during which said suspension was in effect prior to the granting of the supersedeas by the court below.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).