Commonwealth *v.* Massey.

Argued April 20, 1971, before Judges WILKINSON, JR., MANDERINO and ROGERS, sitting as a panel of three.

*Anthony J. Maiorana,* Assistant Attorney General, with him *Harold R. Prowell,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE MANDERINO, September 20, 1971:

The Secretary of Transportation suspended Ronald Massey's motor vehicle operating license for a period of six months because Massey was convicted of violating a section of The Vehicle Code which makes it ". . . unlawful for any person . . . to make use of or operate any motor vehicle . . . without the knowledge or consent of the owner. . . ." Massey appealed to the Montgomery County Court of Common Pleas and his suspension was reversed. An appeal to this court was taken by the Commonwealth pursuant to Section 402(3) of the Appellate Court Jurisdiction Act (Act No. 223 of July 31, 1970, P. L.    , 17 P.S. 211.101 et seq.)

The lower court reversed the Secretary's suspension holding that the Secretary had abused his discretion because a hearing was not held prior to the suspension and because the merits of the case did not warrant suspension.

It was error for the lower court to reverse the Secretary's suspension order which was entered without a hearing. Section 618(a)(2) of The Vehicle Code (Act of April 29, 1959, P. L. 58, §618, as amended, 75 P.S. 618(a)(2)) provides: "The secretary may suspend the operating privileges of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, . . . or whenever the secretary finds upon sufficient evidence . . . that such person has been convicted of a misdemeanor . . . in the commission of which a motor vehicle . . . was used."

The above Section clearly states that the Secretary may suspend an operating license *with or without a hearing*. The Secretary had the authority to order the suspension without a hearing.

The Secretary's statutory authority to impose a suspension without a hearing does not mean that the Legislature was condoning the imposition of a penalty without fair procedures. This is so because a later section of the Code, Section 618(h) (75 P.S. 618(h)), provides that if the Secretary imposes a suspension without a hearing, the individual can then request a hearing which the Secretary is required to conduct.

Massey did not request a hearing before the Secretary. He chose to appeal the Secretary's suspension order directly to the court of common pleas. An appeal to the court of common pleas is covered by Section 620 of The Vehicle Code (75 P.S. 620), which states that any person whose operator's license has been suspended shall have a right to appeal to the court of common pleas and the court is required ". . . to take testimony and examine into the facts of the case, and to determine *whether the petitioner is subject to suspension of (his) operator's license. . . .*"

In reviewing the Secretary's suspension order, the court of common pleas, under Section 620 of The Vehicle Code, *supra,* did not have authority to alter the suspension, but only to determine whether or not, after taking testimony and examining the facts, Massey was *subject to suspension of his operator's license.* If the lower court finds that the facts are such that the Secretary had the statutory authorization to impose a suspension, the suspension must stand. *Commonwealth v. Garman,* 361 Pa. 643, 66 A. 2d 271 (1949).

The facts found by the lower court are really not in dispute. Massey admitted that he had been convicted of violating a section of The Vehicle Code which prohibits the unlawful operation of a motor vehicle without the knowledge or consent of the owner. That conviction authorized the Secretary to impose the suspension.

The lower court apparently inquired into the underlying facts behind Massey's conviction of The Vehicle Code and determined that the penalty which Massey received for his violation of The Vehicle Code was sufficient and that the Secretary should not, in addition to that penalty, have imposed a suspension of Massey's operator's license. There is no authority for the lower court to reverse the Secretary on such a basis. The law is clear that the Secretary is authorized to impose a suspension and his authorization, under Section 618 (a)(2), is not restricted by the penalty which Massey received for his conviction under The Vehicle Code. The Secretary may impose the suspension order in addition to whatever penalty Massey received for the misdemeanor conviction. *See Bureau of Highway Safety v. Wright,* 355 Pa. 307, 49 A. 2d 783 (1946) ; *Commonwealth v. Wagner,* 364 Pa. 566, 73 A. 2d 676 (1950).

The decision of the lower court is reversed and the Secretary's order suspending Massey's operating license for a period of six months is reinstated.