**Harter v. Kassab**

*Thomas J. Evans,* for plaintiff.
No appearance for Commonwealth.

MYERS, *P. J.*, January 12, 1973—Petitioner received official communication from the Secretary of Transportation notifying him that his Pennsylvania operating privileges would be suspended indefinitely until he submitted proof of competency.

Suspension was imposed under section 618(a)(1) of The Vehicle Code of April 29, 1959, P.L. 58, 75 PS 618, which provides:

"The secretary may suspend the operating privileges of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings . . . or whenever the secretary finds upon sufficient evidence: (1) That such person is incompetent to operate a motor vehicle or tractor, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle or tractor upon the highways."

It should be noted that section 618(h) further provides in part that:

"Whenever the secretary suspends the operator's license or learner's permit of any person, the secretary shall immediately notify such person and afford him an opportunity of a hearing before said secretary or his representative, provided such hearing has not already been held."

Petitioner contends that on at least two occasions he, or his attorney, requested the secretary to grant him a departmental hearing, to which he received no response.

A communication was then received by petitioner from the secretary in the form of a threat to prosecute if petitioner did not surrender his operator's license on or before January 7, 1973. Upon advice of counsel, petitioner refused to sur-

render his operator's license, but instead petitioned the court to grant a preliminary injunction enjoining the secretary from compelling surrender of said license.

The court granted the petition and a preliminary injunction, fixing hearing thereon for January 10, 1973, in the courtroom of the Columbia County Courthouse, Bloomsburg, Pa.

Neither of the respondents appeared at the time and place set for hearing, nor were they represented by counsel.

Since this matter raises important questions as to the requirements of notice and hearing to the holder of a Pennsylvania operator's license prior to suspension or revocation by the secretary for any cause, we feel compelled to comment thereupon.

The United States Supreme Court and the Federal District Court for the Western District of Pennsylvania, in two recent cases, have discussed the requirements of notice and hearing due a licensee, in view of the due process clause of the 14th Amendment to the United States Constitution: Bell v. Burson, 402 U.S. 535 (1971), and Reese v. Kassab, 334 F. Supp. 744 (1971).

After a thorough review of these, and other cases, including Commonwealth v. Massey, 3 Pa. Commonwealth Ct. 304 (1971), it is our opinion that all sections of The Vehicle Code which relate to suspension and/or revocation of one's motor vehicle operator's license, whether by point system or otherwise, come within the purview of these cases.

Therefore, we conclude that the secretary's barest minimum requirement is that *before* suspension or revocation in all cases he shall notify the licensee in writing of his right to a meaningful de-

partmental hearing appropriate to the nature of the suspension or revocation.

The secretary shall provide the licensee with notice and reasonable opportunity to request such hearing. If the licensee requests such hearing, he shall then be afforded reasonable advance notice of the time and place of the hearing. If the licensee fails to request a hearing, after having been notified of his right to the same, he shall then be deemed to have waived his constitutional and statutory rights to said hearing and the secretary may proceed with suspension or revocation, as the case may be.

The only remaining alternative of the secretary (other than the procedure set forth above) where there is a proposed suspension or revocation, is for the secretary, at the outset, to direct that a meaningful hearing be held, appropriate to the nature of the suspension or revocation, and to notify the licensee of the date and place of the same.

The latter course, obviously, is the secretary's absolute duty in matters relating to those sections of The Vehicle Code which now directly mandate a hearing prior to suspension or revocation.

There can be no quarrel with the Commonwealth's position that, in order to regulate the use of its highways, the state does have power to enact the point system plan and other regulatory measures into law so that it may use infractions of The Vehicle Code as bases for license suspensions or revocations. Certainly, such legislation is an intelligent and commendable effort to diminish the carnage upon our highways by focusing attention upon the most common cause of accidents, i.e. the careless and code-violating driver.

However, it is not enough that the substantive provisions of a statute pass constitutional muster, because it is also necessary and mandatory that the

methods of administration meet the appropriate standards of due process procedures required by the 14th Amendment of the United States Constitution.

Bell v. Burson, supra, makes it very clear that even if designated as a privilege, nevertheless an operator's lice: .e is not to be taken away by state action which f.."s to comply with due process. As was said in the Bell case, supra:

"It is fundamental that except in emergency situations . . . due process requires that when a State seeks to terminate an interest such as that here involved, it must afford 'notice and opportunity for hearing appropriate to the nature of the case' *before* the termination [or suspension or revocation] becomes effective." (Emphasis in original.)

In the instant case, since the secretary failed to notify petitioner of his right to hearing, and compounded the error by failing to grant petitioner a hearing after he requested the same, we make the following

## ORDER

And now, January 12, 1973, the preliminary injunction heretofore granted in the within matter is continued, and the Secretary of Transportation is enjoined from suspending petitioner's Pennsylvania operator's license until such time as petitioner is granted a meaningful departmental hearing appropriate to the nature of the suspension; and further, until petitioner is notified in writing of the secretary's decision following said hearing.

The cash bond heretofore posted shall be returned forthwith to petitioner, less the prothonotary's proper costs.