Marcone v. Kassab.

Argued April 10, 1973, before Judges Wilkinson, Jr., Mencer and Rogers, sitting as a panel of three.

*Francis Marcone,* with him *Charles F. Mayer,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

Opinion by Judge Wilkinson, April 30, 1973:

There is no real question but that the lower court was correct in ruling that appellant was properly arrested for driving 62 miles an hour in a 35-mile zone in violation of Section 1002(b)(8) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002(b)(8). Appellant has paid his fine and costs. A Department hearing had been held resulting in a suspension of three months under Section 618(b)(2), 75 P.S. §618(b)(2).

630

The thrust of appellant's appeal before the court below was that the Secretary of Transportation abused his discretion in suspending appellant's license for three months. He persuaded the lower court to rule in his favor on this point, but the lower court reduced his suspension to one month rather than setting aside and restoring his license. Appellant appeals to this Court, asserting that the lower court was without authority to reduce the suspension. Appellee agrees with this position as do we. *Anen Motor Vehicle Operator License Case,* 194 Pa. Superior Ct. 379, 169 A. 2d 600 (1961); *Commonwealth v. Massey,* 3 Pa. Commonwealth Ct. 304, 281 A. 2d 371 (1971).

Where appellant's position is untenable is that both the statute and case law establish that the discretion of the Secretary that is subject to review by the lower court after a de novo hearing is whether the person charged has committed a violation of the law for which the Secretary is authorized to suspend. Section 620 of The Vehicle Code, 75 P.S. §620, authorizes appeals but provides: "Any person whose operator's license or learner's permit has been suspended, . . . shall have the right to file a petition . . . in the matter in the Court of Common Pleas of the county in which the operator or permittee resides. . . . Such courts are hereby vested with jurisdiction . . . to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license privilege to operate a motor vehicle. . . ." In *Commonwealth v. Garman,* 361 Pa. 643, 646, 66 A. 2d 271, 272 (1949), the Supreme Court stated: "As far as the Vehicle Code is concerned, it provides, as already stated, that the court hearing the matter is to determine 'whether the petitioner is subject to suspension of operator's license'; that question must be answered by the court either affirmatively, in which case it should sustain the suspension ordered by the Secretary, or negatively, in

which case it should reverse the suspension and direct a reinstatement of the license. . . ."

Recognizing the perilous position in which the appellant placed himself by appealing the reduction of his suspension from three months to one month, he argues that the court cannot restore the three-months' suspension since the Secretary has not filed a cross-appeal. This argument cannot prevail. It would have been appropriate for the Secretary to have filed a cross-appeal so that the error would remain in a position to be corrected in the event appellant withdrew his appeal. However, this was not done and the court must, therefore, affirm in part and reverse in part.

Accordingly, we enter the following

### ORDER

AND NOW, April 30, 1973, the Order of the Court of Common Pleas of Delaware County, dated November 5, 1971, in the above matter, is affirmed insofar as it dismisses the appeal of Francis Marcone from the suspension of motor vehicle operator privileges, and the Order is reversed insofar as it reduces the period for suspension from three months to one month, and the three-months' suspension ordered by the Secretary is reinstated.