## Commonwealth v. Bready

*Raymond B. Reinl*, for appellant.

*Maurice Levin*, for Commonwealth.

LOWE, *J.*, September 3, 1975.—On April 11, 1973, Daniel S. Bready was returning from a business engagement when he stopped for a cup of coffee at the Plymouth Meeting Mall in Plymouth Meeting, this county. Upon returning to his automobile, he determined that it wouldn't start because of a dead battery. He re-entered the mall and called a service station to be assured help would arrive forthwith. Mr. Bready then waited approximately 25 minutes, but no assistance arrived.

Observing a parked automobile with its keys in the ignition, Mr. Bready drove it eight rows to his car and used it to jump-start his vehicle. He was apprehended while returning the borrowed car to its original place.

Mr. Bready was arrested and charged with operating a motor vehicle without the consent of the owner pursuant to section 624(5) of The Vehicle Code.* Mr. Bready, who at all times freely admitted and conceded his guilt, was most concerned that his conviction would result in a suspension of his operating privileges. Accordingly, he sought and obtained a plea agreement with an assistant district attorney whereby he agreed to plead guilty to the offense charged, pay the costs of prosecution and a $500 fine, and undergo probation for a period of two years. For his part, the district attorney agreed to write a letter to the Secretary of Transportation explaining the mitigating circumstances

---

*Act of April 29, 1959, P. L. 58, sec. 624, as amended, 75 PS §624.

and advising against a suspension of Mr. Bready's operating privileges. It appears that no letter was ever sent to the secretary.

On October 28, 1974, Mr. Bready's operator's license was suspended for six months pursuant to a schedule of suspensions and revocations of operators' licenses adopted by the Secretary of Transportation and published in the Pennsylvania Bulletin, February 23, 1974. Mr. Bready timely appealed the secretary's action to this court and on January 10, 1975, that appeal was dismissed by agreement of counsel with the recommendation of the court "that the Secretary of Transportation give consideration to reducing the period of time in that the operating record of the Petitioner discloses that for a period of seven (7) years, aside from the present offense, is free of any convictions or violations of The Vehicle Code." Despite the court's order, the secretary again suspended Mr. Bready's license for a period of six months on March 17, 1975.

Mr. Bready appealed once more to this court, seeking to have the suspension set aside. Following a hearing on July 8, 1975, this court ordered the appeal dismissed and the suspension reinstated. Mr. Bready has appealed the order of this court to the Commonwealth Court.

This case is unquestionably controlled by Commonwealth v. Massey, 3 Pa. Commonwealth Ct. 304, 281 A.2d 371 (1971). There, petitioner also had his license suspended for six months as a result of his conviction for operating a motor vehicle without the consent of the owner. After the lower court reversed the suspension order in part because of its own investigation into the underlying facts, the Commonwealth Court reinstated the suspension and observed (3 Commonwealth Ct., at 306-07):

"In reviewing the Secretary's suspension order,

the court of common pleas, under Section 620 of The Vehicle Code, supra, did not have authority to alter the suspension, but only to determine whether or not, after taking testimony and examining the facts, Massey was *subject to suspension of his operator's license.* If the lower court finds that the facts are such that the Secretary had the statutory authorization to impose a suspension, the suspension must stand. Commonwealth v. Garman, 361 Pa. 643, 66 A.2d 271 (1949).

"The lower court apparently inquired into the underlying facts behind Massey's conviction of The Vehicle Code and determined that the penalty which Massey received for his violation of The Vehicle Code was sufficient and that the Secretary should not, in addition to that penalty, have imposed a suspension of Massey's operator's license. There is no authority for the lower court to reverse the Secretary on such a basis. The law is clear that the Secretary is authorized to impose a suspension and his authorization, under Section 618(a) (2), is not restricted by the penalty which Massey received for his conviction under The Vehicle Code. The Secretary may impose the suspension order in addition to whatever penalty Massey received for the misdemeanor conviction." See also Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Jula, 12 Pa. Commonwealth Ct. 140, 316 A.2d 681 (1974); Marcone v. Kassab, 8 Pa. Commonwealth Ct. 628, 304 A.2d 175 (1973).

It is clear that this court is not empowered to consider either mitigating circumstances or the excessiveness of the suspension. Inasmuch as Mr. Bready's conviction was valid in all respects, the Secretary's actions were warranted and the suspension cannot be disturbed.