Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* John Kobaly, Appellant.

Argued February 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Anthony V. DeCello,* with him *Redlich, Cassol, Redlich & Morocco,* and *DeCello, Bua & Manifesto,* for appellant.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 19, 1976:

John Kobaly (Appellant) seeks review of an order of the Court of Common Pleas of Westmoreland County which sustained the Bureau of Traffic Safety's (Bureau) suspension of his certificate of appointment to inspect motor vehicles.

Appellant contends that the Bureau did not sustain its burden to prove the charges which resulted in the suspension. We disagree.

Appellant was charged with violating Section 819(f) and (h) of the Motor Vehicle Code.[1] During the hearing, the Bureau presented five witnesses but the Appellant neither testified nor presented any witnesses, and the trial judge found the evidence[2] supported Appellant's

---

1. Act of April 29, 1959 P.L. 58, *as amended,* 75 P.S. §101 et seq.

2. Judge MIHALICH accurately summarized the testimony and evidence as follows:

*September 26, 1974*—Pennsylvania State Police received an anonymous phone call concerning certain trucks at Browning Ferris Company;

*September 27, 1974*—Troopers Smetana and Lilly went to the parking lot of Browning Ferris Company and visually observed two white trucks. One of the white trucks was Truck No. 616, and

142

violation of Section 819 (f) but that he was not in violation of Section 819 (h). In these cases, the burden of proof is a fair preponderance of the evidence. *Yockers v. Department of Transportation*, 4 Pa. Commonwealth

the other was Truck No. 619. The Troopers observed that each of these trucks had a No. 1 inspection sticker.

*September 27, 1974*—(approximately 8:00 P.M.)—Ralph Miller, an apprentice mechanic at the Browning Ferris Company, testified that John Kobaly, the Appellant, came to his place of employment on September 27, 1974 at 8:00 P.M. Mr. Miller testified that he saw Mr. Kobaly put inspection stickers on Trucks Nos. 616 and 619 while they were parked at the Browning Ferris Company parking lot. He further testified that he knew the regulations concerning inspection of vehicles, and Mr. Kobaly did not make an inspection of the trucks, in his presence, at the time he put on the new inspection stickers. Mr. Miller did not know if the trucks were inspected on the dates designated on the new inspection stickers.

*October 4, 1974*—The Pennsylvania State Troopers went to check the same trucks and observed that both trucks had new inspection stickers (No. 3 inspection stickers). These were not the stickers on the trucks on their visit of September 27, 1974. The new No. 3 inspection stickers indicated that the inspection occurred on September 5, 1974 (Appellant's inspection records also indicate that these inspections occurred on September 5, 1974); however, the evidence establishes that these new inspection stickers were put on the trucks after September 5, 1974. They were put on the trucks on September 27, 1974.

*October 5, 1974*—Trooper Samson of the Pennsylvania State Police testified that he picked up the Appellant's records, from the Appellant, on October 5, 1975. (These records were admitted as Commonwealth's Exhibit #6.)

*October 9, 1974*—Trooper Smetana took the trucks and personally made an inspection to determine whether or not these trucks were in compliance with the Motor Vehicle Code requirements. Truck No. 619 had another new inspection sticker bearing No. 3; this inspection sticker was different from the No. 3 inspection sticker which was on the truck on October 4, 1974. The No. 3 inspection sticker that was on the truck on October 9, 1974 was introduced as Commonwealth's Exhibit #4; it is sticker #P34 2475346. This inspection sticker also indicated that it was isued to a 1966 vehicle with Mfg No. 677309. This sticker indicated that the vehicle was inspected on October 4, 1974.

Ct. 95, 285 A. 2d 893 (1972). Our careful review of the record compels us to conclude the Bureau met its burden and consequently the trial judge did not err in upholding the suspension. However, in finding that Appellant only violated Section 819(f), the trial judge adjusted the period of suspension from one year to six months. There is no authority for the trial judge to effectuate such a reduction.[3] *See Marcone v. Kassab,* 8 Pa. Commonwealth Ct. 628, 304 A. 2d 175 (1973); *Commonwealth v. Massey,* 3 Pa. Commonwealth Ct. 304, 281 A.2d 371 (1971).

Accordingly, we

ORDER

AND Now, this 19th day of March, 1976, the order of the Court of Common Pleas of Westmoreland County dated May 14, 1975, is affirmed insofar as it dismisses the appeal of John Kobaly from the suspension of his certificate of appointment to inspect motor vehicles, and the order is reversed insofar as it reduces the period for suspension from one year to six months, and the one-year suspension ordered by the Bureau is reinstated.

---

3. The Bureau should have filed a cross-appeal so that the error could be corrected if Appellant withdrew his appeal.