Commonwealth of Pennsylvania *v.* John Kobaly, Appellant.

Argued May 7, 1976, before President Judge Bowman and Judges MENCER and ROGERS, sitting as a panel of three.

*Richard H. Albert*, with him *Redlich, Cassol, Red-
lich & Morocco*, and *DeCello, Bua & Manifesto*, for ap-
pellant.

*John L. Heaton*, Assistant Attorney General, with
him *Robert W. Cunliffe*, Deputy Attorney General, and
*Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, July 28, 1976:

John Kobaly was notified by the Bureau of Traffic
Safety on June 3, 1975 of the suspension of his certi-
fication as an official inspection mechanic, and on July
24, 1975 of the suspension of his Certificate of Ap-
pointment to make inspections for the following al-
leged violations of The Vehicle Code:[1] eleven instances
of faulty inspection forbidden by Section 819(f) and
four instances of making fraudulent records pro-
scribed by Section 819(h). Each suspension was for
a period of three years. By appealing the Bureau's
actions to the Court of Common Pleas of Westmore-
land County Kobaly obtained a supersedeas of the
suspensions and a trial. The lower court dismissed
his appeal and affirmed the three-year suspension.
This appeal followed.

At the hearing in the court below, the only witness,
a Pennsylvania state trooper, related eight separate in-
stances of faulty inspections made at Mr. Kobaly's
station on October 28, 1974 while the trooper had the
place under surveillance. Mr. Kobaly's official rec-

---

[1] Act of April 29, 1959, P.L. 58, *as amended*, 75 P.S. §101 et seq.

ords of inspections were also admitted. Mr. Kobaly presented no evidence and does not seriously dispute the accuracy of the Commonwealth's evidence of the faulty inspections. He contends that the lower court's affirmance of the suspensions of both his mechanic and station license was erroneous because the Commonwealth established only eight, not eleven, faulty inspections, and because there was no evidence of faulty record keeping. He says that because the Commonwealth failed to prove everything it claimed as a cause of suspending his licenses, neither can be suspended. We disagree.

In *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety v. Kobaly,* 22 Pa. Commonwealth Ct. 46, 354 A.2d 272 (1976), involving this appellant, we upheld another suspension imposed by the Bureau for alleged violations of both Section 819(f) and Section 819(h) although the lower court found that no violation of Section 819(h) had been proved.

In the cited case we held that the lower court has no authority to alter the Bureau's suspension action if any violation is proved and that the function of the lower court was only that of determining from the facts whether any disciplinary action could be imposed.[2] Certainly, the eight violations which were proven at the hearing, supported as they were by substantial evidence, support the Bureau's action in this case.

Affirmed.

---

[2] We first determined this as the function of the trial court in operator's license suspension cases (*Commonwealth v. Massey,* 3 Pa. Commonwealth Ct. 304, 281 A.2d 371 (1971)), appealed under Section 620 of the Code. The provision governing appeals from suspensions of certificate of appointment, Section 819(b) of the Code, contains identical language concerning the role of lower courts on appeal.