## Commonwealth v. Kirschner

*John Kerrigan*, for appellee.
*Charles E. Donohue*, for Department of Transportation.

GARB, *J.*, June 6, 1978—This is an appeal from the order of suspension issued by the secretary of transportation suspending appellant's certification as an official inspection mechanic and his certificate of appointment to inspect motor vehicles for a period of one year. A hearing de novo was held by the undersigned on this appeal as a result of which we enter the following

## FINDINGS OF FACT

1. Appellant at all relevant times hereto is certified as an official inspection mechanic and the business owned and operated by him is certified to inspect motor vehicles in Pennsylvania, both certifications issued by the secretary of transportation under and pursuant to the authority vested in him to do so by the Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §101 et seq.

2. At all relevant times hereto appellant conducted the business of inspection of motor vehicles of all sorts pursuant to the foregoing certifications under the name of Kirschner Service, 1100 Bustleton Pike, Feasterville, Bucks County, Pa.

3. On or about November 18, 1977, Howard T. Ashton, a trooper of the Pennsylvania State Police, visited appellant's place of business on a semi-annual visit of inspection stations for the purpose of investigating inspection records.

4. The purpose of the investigation by trooper Ashton was a verification of records of inspections made by appellant during the first and second inspection campaigns of 1977, the second inspection campaign covering the period of May, June and July, 1977.

5. During the course of his investigation on November 18, 1977, Ashton requested the records of appellant of inspections made of trailers during the second campaign to which appellant responded that he did not have such records as they were then in the process of being audited by his accountant.

6. Ashton advised appellant that he wished to see those records as quickly as possible and appellant was instructed to retrieve them from his accountant.

7. Appellant had requisitioned and received 20 stickers to be used for the purpose of implacement upon trailers duly inspected and in response to Ashton's question stated that he had used all 20 which had been requisitioned.

8. As Ashton was leaving appellant's establishment appellant opened a drawer to his desk and Ashton saw therein a book containing three stickers to be used for utility or commercial trailers during the second campaign. Ashton retrieved these stickers from the drawer and they constituted three of the 20 which were requisitioned by appellant.

9. Ashton then instructed appellant to produce the records of trailer inspections within two hours at the Pennsylvania Police Barracks at Trevose and thereupon left appellant's establishment.

10. Ashton and trooper Louis Aceto of the Pennsylvania State Police returned to appellant's place of business one hour thereafter and found appellant seated at this desk in the process of completing the

records he is required to keep of inspections of utility or commercial trailers for the second campaign of 1977. The troopers seized the record document.

11. Troopers Ashton and Aceto then proceeded to the place of business of the owner of most of the trailers as reflected on the form the appellant had been observed completing and there inspected the trailers which had allegedly been inspected as reflected by the aforesaid form.

12. The aforesaid trailers were found to be in poor condition with bald tires and broken lights, none of them exhibiting the appropriate inspection stickers for the second campaign.

13. In a subsequent conversation with appellant, at which time he was advised that the trailers in question had been inspected by the trooper and found not to bear the inspection stickers, appellant stated that although he had properly inspected the trailers he had given the stickers to the driver to be placed thereon by him rather than by appellant.

14. Upon a uniscope check into the computer at the Department of Transportation in Harrisburg it was determined by the troopers that six of the trailers allegedly inspected as reflected by the form appellant was observed completing on November 18, 1977, were not duly registered in the Commonwealth of Pennsylvania at the time of the inspection, their previous registration having lapsed and not having been renewed.

## DISCUSSION

The right to suspend the certificate of appointment issued to a station to conduct inspections is contained in section 4724(a) of the Vehicle Code of

June 17, 1976, P.L. 162, sec. 1, 75 Pa.C.S.A. §4724, and provides that such certificate may be suspended upon a finding that the inspection station violated or failed to comply with any of the provisions of such chapter of the Vehicle Code or regulations adopted by the department. Subsection (b) of the same section of the Vehicle Code provides that any person whose certificate of appointment has been denied or suspended under this chapter shall have the right to file a petition within 30 days for a hearing on the matter in the court of common pleas of the county in which the inspection station is located. In such cases the burden of proof is upon the Commonwealth by a fair preponderance of the evidence: Department of Transportation v. Kobaly, 24 Pa. Commonwealth Ct. 140, 354 A. 2d 272 (1976).

The suspensions of one year were based on three specific violations of the Vehicle Code. Initially, the suspension is based upon a violation of section 4728 which provides that the appropriate certificate of inspection shall be affixed to the vehicle as specified in regulations adopted by the department. Regulation 5.16(b)(4) provides that the mechanic conducting the inspection must affix the sticker to the vehicle duly inspected and that no one else may affix the sticker thereto. It will be recalled that upon examination of the trailers themselves the two police officers found that there were no stickers affixed to them. Of course, based upon this alone, we could not make a finding that this particular act of assembly and regulation had been violated inasmuch as the examination by the officers occurred in November of 1977 when the inspections occurred in July. However, appellant had admitted to the officers that he had not affixed the stickers to the vehicles but rather had given them to the driver

to be affixed by him. Admittedly, appellant later changed his story and testified that he did in fact affix the stickers to the vehicles themselves. In addition, the driver testified that the stickers were affixed by appellant and not by him. However, we believe that in view of appellant's original statement to the officers that he did not affix the stickers we are confronted with a question of credibility regarding that issue. Of course, in such a proceeding the question of credibility of witnesses and reconciliation of conflicts in evidence lies with this court: Campbell v. Com., 16 Pa. Commonwealth Ct. 9, 329 A. 2d 867 (1974). Appellant's credibility directly on this issue is questionable at best in view of the fact that he told two different stories to the troopers. Additionally, he admittedly dissembled with regard to the number of stickers he had used and further with regard to the location of his records. Therefore, on the question of credibility we accept the testimony from the State police officers that appellant had admitted to them that he had not affixed the stickers to the trailers but rather had given them to the driver to permit him to do so. Therefore, we determine that the suspension was justified based on this violation of the Vehicle Code and the regulation.

Secondly, the suspension is based on a violation of section 4727 of the Vehicle Code which provides that no vehicle shall be inspected unless it is duly registered. The section provides that the owner or operator or an employe of the official inspection station shall examine the registration card in order to ascertain that the vehicle is registered. Regulation 5.4 provides that the inspecting mechanic must verify that the vehicle had a legal registration. That regulation further provides that if the

vehicle is unregistered he may proceed to inspect same upon display of a title, bill of sale or transfer certificate, any one of which may be accepted as proof of ownership. The Commonwealth has established that six of the trailers allegedly inspected as reflected on the form developed by the appellant were unregistered at the time of the inspection. Although there are exceptions from the requirement of registration, where the inspection is conducted under one of those exceptions such must be noted on the form required by the Commonwealth. However, on the form required by the Commonwealth in this case which was submitted in evidence, in the column "Verify Legal Registration," there is merely a check mark for all vehicles inspected, which include both those which were in fact duly registered and those which were not. Therefore, we are satisfied that the secretary appropriately determined that appellant had failed to discharge his duty to ascertain from the registration card that the vehicle was registered and proceeded, notwithstanding, to inspect unregistered motor vehicles without alternative appropriate proof of ownership.

Lastly, appellant's suspension is based on a violation of section 4731 of the Vehicle Code which provides that a record shall be made of every inspection and every certificate issued and the record forwarded to the department in the manner and at the time the department shall specify by regulation. Regulation 5.17(a) provides that the official inspection must be recorded on a form required by the department and upon completion of the sheet the original shall be forwarded immediately to the department of transportation. In any event, the regulation provides that the record must be forwarded

immediately to the department upon completion of the requisition of the inspection stickers or at the end of the campaign. The form in question was admitted into evidence and has been identified as Pennsylvania Department of Transportation form TS-480. This is a large columnar form on which each individual inspection is noted and detailed information regarding the motor vehicle itself, including registration number and manufacturer's serial number, make, body type and year of the vehicle, the vehicle owner's name and address, as well as the specifics of the inspection itself are noted. It was this form that the troopers found appellant completing upon their return to his establishment on November 18, 1977. Unfortunately for him he did not have time to complete it. The form is completed for purposes of ten inspections but he was apparently interrupted midway through completing the form for the eleventh inspection. Obviously, if he had told the truth regarding his having exhausted the 20 inspection stickers he had requisitioned then the form should reflect 20 inspections. Even on this record it should reflect 17 inspections. Therefore, it is obvious that this form was not completed as required by the department of transportation through the Vehicle Code and the regulations at the time of the inspections themselves, assuming the inspections occurred, and it is equally obvious that this form was not returned to the department of transportation duly completed immediately after the termination of the campaign. At the risk of restating the obvious, appellant had not completed this form at all and dissembled to trooper Ashton when Ashton demanded to see it. Immediately upon Ashton having left his establishment appellant set about to complete it so that it

could be produced upon Ashton's direction. However, appellant was interrupted in his efforts by the untimely return of troopers Ashton and Aceto. We are satisfied that he has failed to discharge his obligations under this section of the act of assembly as well and therefore that the suspension on this basis is likewise well founded.

Lastly, appellant urges that we reduce the period of suspension to some period of less than one year as directed by the secretary. It has been held under the prior Vehicle Code of May 3, 1968, P.L. 105, sec. 1, as amended, 75 P.S. §819, that there is no authority for the trial judge to effect a reduction in the period of suspension: Department of Transportation v. Kobaly, supra. In this respect, we see no significant distinction between the act of assembly as contained in the Vehicle Code of 1976 and that previously prevailing.

## CONCLUSIONS OF LAW

1. Appellant violated section 4728 of the Vehicle Code by virtue of his failure to affix the official inspection stickers to vehicles which he had inspected during the second campaign during 1977.

2. Appellant violated section 4727 of the Vehicle Code by virtue of his having conducted inspections upon and issuing inspection stickers for vehicles with expired registrations during the second inspection campaign of 1977.

3. Appellant violated section 4731 of the Vehicle Code by virtue of his failure to keep and maintain required records of inspection at the time inspections are made during the second inspection campaign of 1977.

## ORDER

And now, June 6, 1978, it is hereby ordered, directed and decreed that the appeal from these notices of suspension is denied, dismissed and overruled and orders of suspension of the secretary of transportation are sustained.